358 So.2d 250 (1978)
AMERICAN INTERNATIONAL FOOD CORPORATION, a Florida Corporation, Appellant,
v.
Jacqueline J. LESKO, Appellee.
No. 77-1926.
District Court of Appeal of Florida, Fourth District.
May 9, 1978.
*251 Steven J. Vann of Dayton, Sorota & Zschau, Clearwater, for appellant.
Richard D. Schuler of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellee.
DOWNEY, Judge.
Once again we are called upon to decide where a cause of action accrued in order to determine the proper venue of the litigation.
Appellee sued appellant for damages in Palm Beach County. The complaint alleged, in pertinent part, in Count I that appellee purchased an orange grove in Charlotte County and contracted with appellant to maintain the grove. In addition to the maintenance contract, appellant agreed to market the fruit and account to appellant for the profit. However, appellee alleged that appellant:
"... breached the above agreements and (sic) failing to properly care for these citrus trees, failing to provide the Plaintiff with an accounting for approximately two and one-half years (2 1/2), failing to pay any profit from the grove or (sic) in excess of two (2) years, failing to provide the Plaintiff with a satisfactory title insurance policy."
In a second count the complaint alleged fraud and misrepresentation in the formation of the contracts. In both counts appellee prays for damages against appellant in excess of $2500.00.
Appellant moved the court to transfer the cause to DeSoto County, alleging that the venue in Palm Beach County was improper because appellant had no office in Palm Beach County for the transaction of its customary business; the property involved in the litigation is located in Charlotte County; and the cause of action did not accrue in Palm Beach County. The trial court's denial of that motion precipitated this interlocutory appeal.
It is apparent that venue in Palm Beach County can only be proper if the cause of action accrued in that county inasmuch as neither the appellant's place of business nor the property in litigation is in Palm Beach County. Appellee contends that the cause of action did accrue in Palm Beach County because that is the residence of the appellee and that is where the default occurred. The appellee maintains that the default was appellant's failure to account for and pay the profits to her in Palm Beach County. Appellee relies upon the generally accepted rule that where there is an express promise *252 to pay a sum of money and no place of payment is stipulated, the debtor should seek the creditor; hence, the venue of a breach consisting of a failure to pay money due is where the creditor resides. Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966). Appellant, on the other hand, contends that the cause of action accrued where the breach of contract occurred and in this case the breach took place in Charlotte County where performance was required.
While the end result of the successful operation of the grove by appellant would be that appellant eventually pay money by way of profits to appellee,[1] we believe the nature of the breach of contract here as set forth in the gravamen of appellee's complaint shows the cause of action accrued in Charlotte County. Appellee alleged appellant failed to properly care for the trees in the grove, failed to account for profits for over two years and failed to furnish appellee with a satisfactory title insurance policy.
The general rule providing for venue in the county of the residence of the creditor where the claim is for a specific sum of money and no place of payment is stipulated is usually linked to situations where the default involves an omission to pay a certain sum of money which is due or already earned. Mendez, supra. However, if the claim is for failure to perform under the contract and the performance was to take place elsewhere, that rule does not apply. The mere fact that eventually the benefits of the contract will be enjoyed by the plaintiff at his county of residence is not decisive.[2]
Like the Knowles case, supra, this case does not involve a debtor-creditor relationship. It is not a suit on a promise to pay a certain sum of money owed. It is, instead, a suit for breach of contract and for a tort to recover unliquidated damages. The failure to perform and the misfeasance charged in the complaint occurred in Charlotte County.
Accordingly, the proper venue of this suit was either Charlotte or DeSoto County. The choice of venue belonging to the plaintiff, the plaintiff should move the court to transfer the cause to either Charlotte County or DeSoto County within twenty days from the issuance of this opinion. Absent such motion the trial court should transfer the cause to DeSoto County. Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
CROSS and LETTS, JJ., concur.
NOTES
[1] Payments of anticipated profits represents the benefits of the contract referred to in James A. Knowles, Inc. v. Imperial Lumber Company, Inc., 238 So.2d 487 (Fla. 2nd DCA 1970).
[2] Id.