415 So.2d 906 (1982)
E.J. SALES & SERVICE, INC., a Florida Corporation, Appellant,
v.
SOUTHEAST FIRST NATIONAL BANK OF MIAMI, an Association Organized under the Laws of the United States, Appellee.
No. 82-695.
District Court of Appeal of Florida, Third District.
June 29, 1982.
Malone, Harrison & Beers, and James H. Harrison, Orlando, for appellant.
Britton, Cohen, Kaufman & Schantz and Lincoln Diaz-Balart, Miami, for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
Alleging that E.J. Sales & Service, Inc., a Florida corporation, had taken possession *907 of a sum of money which, at the later-revoked request of a customer of the bank, had been mistakenly wired by Southeast First National Bank of Miami to an E.J. Sales account in Orlando, the bank sued E.J. Sales in the Dade County Circuit Court. Its two-count complaint to recover that amount was based on the alternative theories of money had and received and conversion, respectively. E.J. Sales now appeals[1] from an order denying its motion to transfer venue to Orange County. We reverse.
Since E.J. Sales' place of business is in Orange County, and it has no office whatever here, venue may properly be laid in Dade County under Sec. 47.051, Fla. Stat. (1979)[2] only if this is "where the cause of action accrued." The contrary is true. Under this provision, a cause of action is deemed to accrue "where the act creating the right to bring an action occurred." Gaboury v. Flagler Hospital, Inc., 316 So.2d 642, 644 (Fla. 4th DCA 1975); see, Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). Whether the theory asserted is that E.J. Sales had and received, see 7 C.J.S. Assumpsit, Action of, § 10 b (1980), or tortiously converted, Gaboury v. Flagler Hospital, Inc., supra; Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne and Trust Co., 238 So.2d 665 (Fla. 4th DCA 1970), funds rightfully belonging to Southeast, it is clear that the act which gave the bank the right to get the money back was its acquisition by the defendant. See also, St. Laurent v. Resort Marketing Associates, Inc., 399 So.2d 362 (Fla. 2d DCA 1981); American International Food Corp. v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978). Since that took place in Orange County, that is where the claim "accrued" and where this action must therefore be maintained.
The bank relies on cases which hold that an action for breach of an agreement to make payment accrues where payment is due, that is, in the absence of a contrary provision, in the county where the payee resides. E.g., Engineered Storage Systems, Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA Case no. 82-489, opinion filed, June 15, 1982) and cases cited; American Fidelity Fire Ins. Co. v. Allied General Contractors, Inc., 365 So.2d 442 (Fla. 3d DCA 1978). These authorities have no application to this situation in which the parties had no contractual relationship with each other at all and the defendant is alleged only to have failed to perform an implied duty to return funds to which it was allegedly not entitled. See American International Food Corp. v. Lesko, supra.
For these reasons, the order below is reversed with directions that the cause be transferred to Orange County.
Reversed.
NOTES
[1] Pursuant to Fla.R.App.P. 9.130(a)(3)(A).
[2] Notwithstanding the trial judge's misplaced reliance on Sec. 47.101, Fla. Stat. (1979), Section 47.051 alone controls the issues in this case. It provides:

Actions against corporations.  Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located. [e.s.]