436 So.2d 391 (1983)
NEW LIFE ACRES, INC., a Florida Corporation and Florida Farm Bureau Casualty Insurance Company, Petitioners,
v.
Richard Wayne STRICKLAND and Debra Lynn Strickland, His Wife, Respondents.
No. 83-939.
District Court of Appeal of Florida, Fifth District.
August 18, 1983.
Chobee Ebbets, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for petitioners.
Angus W. Harriett, Palatka, for respondents.

ON PETITION FOR WRIT OF CERTIORARI
COBB, Judge.
The defendant carrier below, Florida Farm Bureau Casualty Insurance Company, obtained a statement from its insured driver during the course of its investigation of a vehicular collision, which was the basis for a subsequent law suit initiated by the respondents, Richard and Debra Strickland. The trial court, over the defense objection that a copy of such sworn statement of their insured was work product and therefore privileged from discovery, directed that said material be produced by the defense. Such a statement clearly is work product. Vann v. State, 85 So.2d 133 (Fla. 1956); Nationwide Insurance Company v. Monroe, 276 So.2d 547 (Fla. 2d DCA), cert. denied, 283 So.2d 366 (Fla. 1973).
In their response to this court's order to show cause, the Stricklands have failed to indicate the applicability of any of the exceptions set forth in Florida Rule of Civil Procedure 1.280(b)(2) to the general rule that the work product of a party is privileged from discovery. See Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983) and Cavalere v. Graham, 423 So.2d 428 (Fla. 5th DCA 1982).
The trial court's order departs from the essential requirements of law. Therefore, the Petition for Writ of Certiorari is granted, and the order compelling discovery is quashed.
*392 PETITION GRANTED; ORDER QUASHED.
DAUKSCH and COWART, JJ., concur.