502 So.2d 1319 (1987)
James M. HART, Appellant,
v.
HANDLING SYSTEMS ENGINEERING, INC., Its President, L.D. Mohrman, and Its Vice President and General Manager, Lou K. Mohrman, Appellees.
No. BM-64.
District Court of Appeal of Florida, First District.
February 24, 1987.
Charlotte I. Hunter of Trow & Hunter, P.A., Ocala, for appellant.
William H. Andrews and Timothy B. Strong of Coffman, Coleman, Andrews & Grogan, Jacksonville, for appellees.
MILLS, Judge.
Hart appeals from a nonfinal order denying his motion to transfer or dismiss for improper venue. We find the trial court erred in denying the motion and reverse.
Handling Systems Engineering, Inc. (HSE), is a corporation engaged in selling, renting, and servicing forklifts. Its headquarters is in Duval County. L.D. and Lou K. Mohrman are corporate officers of HSE and residents of Duval County.
HSE and the Mohrmans sued Hart in Duval County alleging various torts stemming from Hart's conduct during and immediately after his tenure as branch manager of HSE's Ocala office. The complaint alleged that Hart was hired by HSE in January 1983 to assist the company in opening a branch office in Marion County. It further alleged that Hart was branch manager from January 1983 until October 1985, when he opened a competing business in Ocala.
Hart responded to the complaint by filing a motion to transfer or dismiss for improper venue. The motion also sought dismissal on the ground that one of the counts was improperly joined with the others. The trial court dismissed the count in question, but rejected the venue challenge.
Section 47.011, Florida Statutes (1985), provides that actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. *1320 Here, it is undisputed that Hart is a resident of Marion County. There is no Duval County property in litigation. The issue, therefore, is whether a cause of action accrued in Duval County.
The complaint does not allege any wrongful acts committed in Duval County. Nor does it allege an adverse impact there. All the remaining counts refer to actions taken by Hart in Marion County. No reference is made to Duval County except in the introductory portion of the complaint where it is alleged that Hart was hired in Jacksonville to assist HSE in opening its Ocala office.
Generally, a plaintiff is not required to plead and prove venue. Inverness Coca-Cola Bottling Company v. McDaniel, 78 So.2d 100 (Fla. 1955). But if a plaintiff is to maintain his suit in a county other than that of the defendant's residence, the complaint should circumscribe facts which bring the cause within an exception set forth in the applicable venue statute. James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970).
Here, not only does the complaint show on its face that venue in Duval County is improper, but the defendant presented evidence at the hearing on the motion that no cause of action accrued in Duval County. The plaintiffs failed to present evidence to the contrary. Under such circumstances, the trial court abused its discretion in denying the motion challenging venue.
REVERSED and REMANDED with directions to grant the motion as it pertains to venue.
BOOTH, C.J., and THOMPSON, J., concur.