549 So.2d 722 (1989)
James M. CLARKE, Specialty Securities, Inc., and American Capital Equities, Appellants,
v.
Wayne D. CARTEE, Alice Cartee, and Wayne D. Cartee, M.D., P.A., Appellees.
No. 88-2484.
District Court of Appeal of Florida, First District.
September 26, 1989.
*723 William M. Rishoi, of Snyderburn, Rishoi & Swann, Winter Park, for appellants.
Larry A. Matthews, of Beggs & Lane, Pensacola, for appellees.
SHIVERS, Chief Judge.
Appellants appeal an order denying their motion to transfer venue. We have jurisdiction pursuant to Fla.R.App.P. 9.130(a)(3)(A), applicable to review of non-final orders which concern venue, and we reverse and remand with directions.
Appellees filed a four-count complaint in Escambia County against appellants. The appellants are stockbrokers and investment advisors whose regular place of business is in Orange County. According to the appellees' complaint, appellees owned 10,000 shares of Pac-Man Resources, Inc. and 15,000 of 2001 Resources, Ltd.
The complaint alleges that in October 1987, appellee Alice Cartee called appellant James Clarke and instructed him to sell half of their shares in each corporation. Clarke advised her not to sell and represented that a "stop-loss" order would protect their investments. Eventually the stocks dropped below the established stop-loss price levels but the stocks were not sold. Clarke informed Mrs. Cartee that the stop-loss orders had not been effective because the Vancouver Stock Exchange, at which appellees stocks were traded, did not honor stop-loss orders.
Appellants filed a motion to, inter alia, transfer for improper venue and their motion was denied. At the hearing on this motion, the following facts were adduced on which the trial court's denial was apparently based and on which appellees rely in answering appellants' arguments on appeal: Alice Cartee stated that Clarke told her he was making frequent trips to Escambia County because he was going to be opening an office in that area. She said she spoke with Clarke several times when he was in places other than his Orlando office. She said she had numerous conversations with Mr. Clarke regarding the stop-loss order while he was in both Pensacola and Orlando but she could not remember where he was when she initially called to sell the stock and he recommended stop-loss orders. Other evidence was adduced that Clarke spoke to other investors from places other than his Orlando office.
Section 47.011, Fla. Stat. (1987), in pertinent part, permits a lawsuit to be brought only in the county where the defendant resides or where the cause of action accrued. If venue in this case is proper in Escambia County, it must be on the ground that the cause of action accrued in Escambia County because there is no competent evidence that Clarke resided in Escambia County at any time. Indeed, the trial court's order reflects that, based on appellants' residency, venue is proper in Orange County, but based on where the cause of action accrued, venue is proper in Escambia County. The trial court concluded it was plaintiff's choice to sue in either county.
Generally, a plaintiff is not required to plead and prove venue. Inverness Coca-Cola Bottling Company v. McDaniel, 78 So.2d 100 (Fla. 1955). But if a plaintiff is to maintain his suit in a county other than that of the defendant's residence, the complaint should circumscribe facts which bring the cause within an exception set forth in the applicable venue *724 statute. James A. Knowles, Inc. v. Imperial Lumber Company, 238 So.2d 487 (Fla. 2d DCA 1970).
Hart v. Handling Systems Engineering, Inc., 502 So.2d 1319, 1320 (Fla. 1st DCA 1987). The exception provided in section 47.011 is that venue may also lie where the cause of action accrued. Appellees' complaint does not set forth facts establishing the requisite exception, i.e. that the cause of action accrued in Escambia County, and no facts establishing an exception were brought out at the hearing on the venue issue. Further, Alice Cartee's statement that Clarke had told her that he intended to move to Escambia County is of no import to a venue determination, and the same is true of Mr. Clarke's contacts with other investors.
In a suit based on a breach of contract theory, "the critical determination ... is where performance is called for by the contract, not where its benefits are to be enjoyed." James A. Knowles, Inc. v. Imperial Lumber Company, 238 So.2d 487, 489 (Fla. 2d DCA 1970) (emphasis in original). If the nature of the performance is the performance of the act of payment of money due or earned under the contract, then venue properly lies where payment was to occur. Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). In the instant case there is not a breach of an agreement to pay money, but instead, a failure to perform an act which would protect the appellees' investment interest. As in the case advanced by appellant, Earl W. Shomber & Company v. Florida Casino Associates, 469 So.2d 936 (Fla. 3d DCA 1985), there did not exist a debtor/creditor relationship between the appellants and the appellees and thus the venue rules pertaining to suits to enforce payment on a debt are inapplicable. In Earl W. Shomber & Company, the defendant wrongfully withheld and refused to transfer certain escrowed funds in violation of the escrow agreement. The court distinguished the debt enforcement cases and found that venue properly lay where the wrongful acts were committed  where the escrow funds were located.
Clarke's alleged breach of duty to perform, and the location of that breach at the time it occurred, is dispositive to a venue determination. There is no indication in the record that the breach of duty to perform occurred at any other place other than in Orange County, appellants' regular place of business. Thus, whether appellees' theory is based in tort or contract, Clarke's failed performance gave rise to a cause of action which accrued in Orange County and venue properly lies there. See American International Food Corporation v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978). In Lesko the court reversed and remanded a venue determination that placed the lawsuit in the county of the plaintiff who alleged the defendant breached its contract by failing to properly care for certain citrus trees, failing to account for profits, and failing to provide an accounting. The court found that the suit was not based on a promise to pay a certain sum of money owed, but a suit for breach of contract and tort to recover unliquidated damages. The court concluded that venue could not be in Palm Beach County (where plaintiff resided), but could be in Charlotte County (the citrus trees' situs and point where the cause of action accrued) or DeSoto County (where defendant's business was located). Lesko guides the decision in this case.
Appellees further contend that venue is proper in Escambia County under the Florida Deceptive and Unfair Trade Practices Act. The Act does not provide for appropriate venue in favor of either a plaintiff or defendant, i.e., consumer or supplier, and in the absence of any such expression, there is no reason to assume that the legislature intended any standard for appropriate venue other than that provided in the venue statute itself.
We REVERSE and REMAND to the trial court for consideration of appellants' motion for transfer of venue in light of the foregoing.
WENTWORTH and WIGGINTON, JJ., concur.