DAUKSCH, Judge.
This is an appeal from a non-final order denying a transfer of the case. Fla.R. App.P. 9.130(a)(3)(A). Because the complaint and the evidence relating to venue demonstrate that the proper venue is in Broward County, we reverse the order denying a transfer of this case to the Seventeenth Judicial Circuit. See Hart v. Handling Systems Engineering, Inc., 502 So.2d 1319 (Fla. 1st DCA 1987). It is apparent from all pleadings and evidence that the cause of action, if any, arose out of a cancellation of a boat charter agreement. The only fact that supports venue in Orange County is that the plaintiff has its office in and signed the charter agreement in Orange County. There is no evidence that any negotiations, performance duties or breach occurred in Orange County. To the contrary, all of these occurred in Bro-ward County, if at all. Appellee says it is due a refund of money paid for the charter because the charter master was unfit and the boat unclean, forcing the charter to be terminated early. We deem the material alleged breach to be the failure to properly perform the charter agreement, not the failure to refund, as appellee asserts.
*31 Although the trial judge has some discretion in venue questions it is not unlimited. Generally, it is proper to bring suit, or to maintain it, in the county where the cause of action arose, the property in dispute is located or the defendant resides. § 47.011, Fla.Stat. (1987); St. Laurent v. Resort Marketing Associates, 399 So.2d 362 (Fla. 2d DCA 1981). There is no property involved here, the defendants are in Broward County, the alleged breach occurred there, so venue is proper there.
The order is reversed and this cause remanded for entry of an order transferring the case to the Seventeenth Circuit.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.