566 So.2d 599 (1990)
L.E. WHITTINGTON, Etc., Appellant,
v.
James Scott LANEY, Appellee.
No. 89-2397.
District Court of Appeal of Florida, Fifth District.
September 13, 1990.
J. David Walsh of Cameron Marriott, Walsh and Hodges, P.A., Daytona Beach, for appellant.
Brian R. Toung of Rice, Rose & Toung, Daytona Beach, for appellee.
PETERSON, Judge.
L.E. Whittington appeals the denial of his motion to dismiss for improper venue. We affirm.
James Scott Laney filed a complaint in Volusia County against Whittington. The complaint alleged that he purchased from Whittington a boat engine that was warranted to be free of defects for a reasonable period of time, that the engine failed and was repaired, that it failed a second time, and that finally Whittington provided a second replacement engine with a 90-day express warranty. The second engine allegedly also failed, and in his complaint Laney alleged breach of the 90-day express warranty, among other breaches.
Whittington countered with the motion to dismiss which alleged lack of venue and other defenses. The motion was supported by an affidavit wherein Whittington stated he is a resident of and operates his business in Palm Beach County and that he does not maintain a place of business in Volusia County. He also stated without elaboration that "all of the transactions related to purchase of the engine as alleged took place in Palm Beach County." Laney responded with an affidavit that specifically alleged that the second engine was brought to Volusia County by Whittington personally. It also alleged without elaboration that "all incidents giving rise to this action occurred in Volusia County."
*600 The trial judge was faced with contradictory affidavits that generally alleged all of the transactions or incidents occurred in Palm Beach County per Whittington and in Volusia County per Laney. The burden is on the defendant to show that the venue selected by the plaintiff is improper, Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla. 1955), and Whittington failed to meet that burden. Furthermore, it was unrefuted that the defendant personally delivered to Volusia County the second engine that was warranted for 90 days. A cause of action for breach of warranty accrues where the goods are delivered.
AFFIRMED.
COBB and GOSHORN, JJ., concur.