HALL, Judge.
This is an interlocutory appeal in which Lamar and Borron challenge the denial of their motion for a change of venue. They contend that the cause of action in this case accrued in Dade County, the county where Lamar and Borron reside and the county where services under the guaranty agreement at issue are to be performed. We agree.
The trial court found a debtor-creditor relationship existed between Lamar and Borron, as guarantors, and H. F. Mason Equipment Corp., the seller of a payloader for which Lamar and Borron guaranteed repayment in the event of the purchaser’s default. The H. F. Mason stockholders are represented here by trustee Martin. Since venue is generally proper in the county where the creditor resides, the trial court found this action was properly filed in Polk County, where trustee Martin resides.
The facts of this case are analogous to the facts set forth in Knowles v. Imperial Lumber Co., Inc., 238 So.2d 487 (Fla. 2d DCA 1970). In Knowles, we found that a debtor-creditor relationship did not exist between the guarantor of a debt and the company to whom the debt was owed. Since the guaranty in that case was merely a promise to aid in securing a debt, the guaranty agreement itself was more akin to a contract for services. Therefore, for venue purposes, the cause of action accrued where the services were to be performed — the home county of the guarantor.
In the case at bar, it appears Lamar and Borron’s guaranty was, likewise, no more than a promise to aid in securing a debt. For that reason, it, too, was more akin to a contract for services.
The record shows the equipment was purchased from H. F. Mason in Dade County. Borron and Lamar also reside in Dade County, and that is where their guaranty agreement was executed. In addition, Dade County is where performance is due under the agreement.
*921 Based on the foregoing, it appears the cause of action in this case properly arose in Dade County. Therefore, the trial court’s ruling should be reversed and the case remanded with instructions to transfer the action to Dade County.
RYDER, A.C.J., and PARKER, J., concur.