GRIFFIN, Judge.
Sundor Brands, Inc. (“Sundor”), the plaintiff below, appeals a non-final order[1] transferring venue from Lake County, Florida to Dade County, Florida. We reverse.
Sundor is a Florida corporation with its principal place of business in Mt. Dora, Florida. The dispute in this case arises out of Sundor’s purchase of the assets of Tex-sun Corporation (“Texsun”), a Delaware corporation whose principal place of business is in Weslaco, Texas. The transaction took place pursuant to an “Asset Purchase Agreement” (the “Agreement”) dated January 27, 1987. The “seller” under the Agreement was New Texsun, Inc., a newly formed, wholly-owned subsidiary of Texas Acquisition Corporation (“New Texsun”), which itself was a wholly-owned subsidiary of DWG Corporation (“DWG”). It appears that all of these defendant corporations are related, all but one are foreign corporations and all are located in Dade County.
Part Three of the Agreement (sections 3.01-3.32), entitled “Representations and Warranties of the Seller”, consisted of nineteen pages of representations and warranties which New Texsun covenanted were “true, complete and accurate in all material respects” as of the date when made and as of the date of closing. Part nine of the Agreement was entitled “Survival of Representations and Warranties; Indemnification”. Section 9.01 stipulated that the seller’s representations and warranties would survive the closing for a period of eighteen months. Section 9.04 of the Agreement, entitled “Seller’s Indemnity”, further provided:
(a) The Seller agrees to defend, indemnify and hold harmless the Buyer from, against and in respect of any and all demands, claims, actions or causes of action, losses, liabilities, damages, assessments, deficiencies, taxes, costs and expenses, including without limitation, interest, penalties and reasonable attorneys’ fees and expenses, asserted against, imposed upon or paid, incurred or suffered by the Buyer:
(i) as a result of, arising from, in connection with or incident to (A) any breach or inaccuracy of any representation or warranty of the Seller in this Agreement and (B) any breach of any covenant or agreement of the Seller contained in this Agreement....
The agreement also contained a guarantee by DWG of Seller’s indemnity:
The undersigned, DWG Corporation, a Delaware corporation which owns all of the outstanding and issued stock of Texas Acquisition Corporation, a Florida corporation which owns all of the outstanding and issued stock of Seller, does hereby unconditionally and irrevocably guarantee the performance of the Seller’s in- *903 demnifieation obligations arising pursuant to Section 9 of the Asset Purchase Agreement to which this Guarantee is affixed.
In November 1990, Sundor filed an action, in Lake County against the various corporate defendants and the former president of Texsun. Eleven counts of the amended, nineteen count complaint alleged that various representations and warranties contained in the Agreement had been breached, giving rise to Sundor’s right to indemnification under the Agreement.[2]
Defendants responded to the complaint by filing a motion to transfer venue to Dade County, asserting that venue did not lie in Lake County because the cause of action did not accrue there. In the alternative, defendants sought a transfer of venue based on the doctrine of forum non conve-niens. The court ordered the transfer of venue to Dade County on the basis that Sundor’s causes of action accrued in Dade County. The order was silent concerning the issue of forum non conveniens.[3]
The principal issue on appeal is a narrow one. Defendants argued below and on appeal that the “gravamen” of Sundor’s complaint is defendants’ breach of the warranties, covenants and representations contained in the Agreement. They rely on cases holding that venue in actions for breach of warranty lies where the items warranted were delivered. See Stanfield v. Destefano, 300 So.2d 712 (Fla. 2d DCA 1974); Richard Bertram & Co. v. Barrett, 155 So.2d 409 (Fla. 1st DCA 1963). See also Whittington v. Laney, 566 So.2d 599 (Fla. 5th DCA 1990). Defendants similarly contend that a cause of action for breach of a guarantee accrues where the guarantee was made. Lamar v. Martin, 576 So.2d 920 (Fla. 2d DCA 1991). According to defendants, because the closing took place in Dade County, the cause of action accrued there.
Although we question the applicability of Sundor’s case authorities to many, if not all, of the claims contained in the amended complaint, we will not address this issue because we conclude it does not control the issue of venue in this case. We agree with Sundor that its claims are for contractual indemnification and that this case falls within the rule that where the breach alleged is the failure to pay money due under a contract, the cause of action “accrues”, for venue purposes, where payment was to have been made. Sentry Indem. Co. v. Angel & Son, Inc., 332 So.2d 83 (Fla. 4th DCA 1976). Where, as here, a contractually incurred obligation to pay money is the performance called for in the contract, the residence of the payee is the place of performance, and on default of payment, is where the cause of action accrues. Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). See also Schecter v. Fishman, 525 So.2d 502 (Fla. 5th DCA 1988); Valiant Air Command, Inc. v. Frank K. Collins & Assoc., 500 So.2d 577 (Fla. 5th DCA 1986); Carter Realty Co. v. Roper Bros. Land Co., Inc., 461 So.2d 1029 (Fla. 5th DCA 1985); Excel Ins. Co. v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981); James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970).
Defendants rely on America Int’l Food Corp. v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978) for the proposition that the contractual indemnity is not a debtor-creditor transaction to which the “place of payment due” rule applies. Lesko is unlike the present case, however. In Lesko, the agreement was for operation of a grove, the end result of which would be the turning over of profits to the owner. The failure to properly manage the grove and generate revenue was the gravamen of the claim, not the failure to pay money to the grove owner. Id. at 252. Moreover, the *904 present case does not involve an action for damages for either a partial or total breach of contract due to the failure to comply with warranties and representations. Instead, seller and buyer contractually agreed to a different manner of remedying such breaches by creating an independent covenant to hold the buyer harmless for any loss.
Although there is no specific sum of money identified in the Agreement that is payable to Sundor, we do not consider this fact dispositive. The key is that there is an express promise to pay the sums to Sundor that would indemnify it for, inter alia, “losses”, “costs”, “expenses”, “interest and penalties”, resulting from any “breach or inaccuracy” of any of the representations or warranties. Because the Agreement did not specify where payments under the indemnification provisions of the Agreement were to be made, the debtor was to seek the creditor and payment was to have been made at Sundor’s headquarters in Mount Dora, Lake County, Florida. Venue was therefore proper in Lake County.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.

. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).

. In some, but not all of these counts, it was alleged that demand for indemnification had been made and refused.

. Even though the forum non conveniens issue was argued in the briefs, this court has no basis to decide this issue since it was not mentioned by the trial judge in his order nor does the record contain any transcript of the hearing in which the ruling was presumably made. Finally, we find no merit in Sundor's other contention that venue is proper in Lake County because of the contractual duty to transfer the cash assets at closing to Sundor.