COBB, Judge,
dissenting.
The reason that Judge Harris, as stated in his special concurrence, cannot discern “whether the arrow sliot into the air in Orange County landed in Orange or Lake County” is because it did not land {i.e., accrue) any place at all based upon the plaintiffs’ amended complaint, which is woefully inadequate. The amended complaint alleges in conclusionary terms that Attorney Roberts negligently represented the plaintiffs at a real estate closing and in post-closing transactions in Orange and Lake Counties in regard to land they owned in Lake County and “failed to protect their financial interests” (whatever that means). There are no ultimate facts pled[1] to show what the causative acts of negligence may have been, where they occurred, or what damages flowed from them. See Rios v. McDermott, Will & Emery, 613 So.2d 544 (Fla. 3d DCA 1993).
The burden is on the plaintiff to allege a sufficient basis for the venue selected. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978). The complaint should allege facts sufficiently showing that the cause of action accrued in that county. Peterson v. Kirk, 103 So.2d 656 (Fla. 2d DCA 1958). In the case of Hart v. Handling Systems Engineering, Inc., 502 So.2d 1319 (Fla. 1st DCA 1987), which Judge Hams cites and quotes, it was held that where a plaintiff seeking to maintain his suit in a county other than the defendant’s residence (i.e., other than Lake County in the instant case), “the complaint should circumscribe facts which bring the cause within an exception set forth in the applicable venue statute.” The plaintiffs herein clearly have failed to do that, as Judge Harris acknowledges. The plaintiffs have failed, either via pleading or proof, to show that Orange County is a proper venue. Therefore, the defendants were obligated only to show that they reside in Lake County, and they have done so.
*443 Since the plaintiffs herein have twice failed to allege any cause of action accruing anywhere, and it is conceded that the defendants reside in Lake County, the only proper venue is Lake County. There is no representation or suggestion that the plaintiffs have sought to again amend their complaint to properly show venue in Orange County. The trial judge was right the first time. I would reverse.

. See Fla.R.Civ.P. 1.110(b).