778 So.2d 495 (2001)
Nasir M. ASHEMIMRY, et al., Appellants,
v.
Sheik Ahmed Abdul Rahman Saleh BA NAFA, etc., Appellee.
Nos. 5D00-24, 5D00-258.
District Court of Appeal of Florida, Fifth District.
February 23, 2001.
*496 Justus W. Reid, Reid, Metzger & Associates, P.A., and Edna L. Caruso, Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Appellants.
Kenneth W. Sukhia and Gregory R. Miller, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tallahassee, for Appellee.
SHARP, W., J.
Nasir Ashemimry, Ashemimry's Florida corporation AsheTrust Investment Corporation, and his three off-shore corporations Harrell Full Service Hotels, Ltd., Orlando Investments, Ltd., and Sterling Hotels, Ltd. appeal from two orders rendered in a lawsuit filed against them by Sheik Ahmed Abdul Rahman Saleh Ba Nafa. These orders determine that the trial court has personal jurisdiction over the defendants, that venue is proper in Orange County, and that Ba Nafa is entitled to an accounting, for which a special master was appointed. We have jurisdiction[1] and affirm.

I. Personal Jurisdiction.
Ashemimry contends that Florida courts lack jurisdiction over his off-shore corporations because the evidence at the hearing on jurisdiction[2] failed to show that the corporations conducted business or committed any torts in Florida. Ashemimry and his Florida corporation did not challenge personal jurisdiction over them.
The trial court concluded that the offshore corporations were subject to Florida's jurisdiction because they were nothing more than Ashemimry's alter ego and had been used to defraud Ba Nafa. The court found that Ba Nafa sent considerable sums of money to Florida to invest in these corporations under the assurance they were formed to purchase, operate or manage hotels in Florida and that the corporations in fact conducted business dealings in Florida through Ashemimry. See Walton v. Tomax Corp., 632 So.2d 178, 181, n. 2 (Fla. 5th DCA 1994).
*497 The evidence is clearly sufficient to support these determinations. Ashemimry formed AsheTrust and the off-shore corporations for his hotel investment plan, he was their manager, and for all intents and purposes, the only director. He controlled the stock certificates and the transfer of funds. He prepared false financial statements for the corporations, showing them with tremendous assets, in order to induce investment.
Faxes, letters and brochures were sent from Ashemimry's office in Coral Gables, Florida, to Ba Nafa in Saudi Arabia, concerning the off-shore corporations. One of these corporations hired Khalid Alhemaidan as a representative. Alhemaidan discussed the investment with Ba Nafa in Saudi Arabia and in Florida. Ashemimry also engaged in business discussions with Ba Nafa in various locations in Florida and induced him to invest over six million dollars for the purchase and management of hotels in central and south Florida. The investment agreement was signed in Miami. Given this evidence, the Florida court clearly had jurisdiction over Ashemimry and his alter ego corporations. See, e.g., Nichols v. Paulucci, 652 So.2d 389 (Fla. 5th DCA), rev. denied, 659 So.2d 1088 (Fla.1995), cert. denied, 516 U.S. 1046, 116 S.Ct. 707, 133 L.Ed.2d 662 (1996).

II. Venue.
Ashemimry contends that the trial court erred in determining that venue for himself and his Florida corporation Ashe-trust is proper in Orange County.[3]
The applicable venue statutes are sections 47.011 and 47.051:
47.011. Where actions may be begun Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.
47.051. Actions against corporations
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
The trial court found that Ashemimry's breach of duty to Ba Nafa took place in several counties in Florida, including Orange County. Where venue is proper in more than one county, the plaintiff has the right to select one of the appropriate counties. Vero v. Vero, 659 So.2d 1348 (Fla. 5th DCA 1995); Washington v. Washington, 613 So.2d 594 (Fla. 5th DCA 1993).
On appeal, Ashemimry contends that one hotel involved in the fraud is actually located in Osceola County, and not Orange County. Ashemimry's motion to dismiss for improper venue did not assert this claim. In his affidavit, Ashemimry admits discussing the purchase of a hotel in Orlando with Ba Nafa, furnishing Ba Nafa with an information memorandum for his company aptly named "Orlando Investments, Ltd.," negotiating with the owners to purchase the Orlando hotel, travelling to Orlando to view this hotel on three occasions and travelling to Orlando to view the hotel with Ba Nafa. At the hearing, all the parties, including Ashemimry, consistently referred to the hotel as being in Orlando and referred to the "Orlando" transaction, *498 the investment in "Orlando," and the "Orlando" project.
The party seeking to change venue has the burden of establishing that the plaintiff's choice of venue was improper. Schecter v. Fishman, 525 So.2d 502 (Fla. 5th DCA 1988). Here the trial court was presented with almost overwhelming evidence that the hotel was located in Orange County. See Whittington v. Laney, 566 So.2d 599 (Fla. 5th DCA 1990)(defendant failed to meet burden of showing that venue selected by plaintiff was improper where judge was faced with contradictory affidavits regarding parties' transactions). And, even assuming that the hotel is actually located in Osceola County, the court cannot be faulted for a matter not clearly presented to it. Kadanec v. Kadanec, 765 So.2d 884 (Fla. 2d DCA 2000); Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993); Durden v. Compass Points, Inc., 521 So.2d 363 (Fla. 5th DCA 1988).

III. Accounting.
Ashemimry contends Ba Nafa is not entitled to an accounting because the amount sued for is certain and because he has an adequate remedy at law. While accounting suits may be prosecuted at law, they are generally considered equitable in nature. Escandar v. Southern Management & Investment Corp., 534 So.2d 1203, 1204, n. 4 (Fla. 3d DCA 1988); Cushman v. Schubert, 110 So.2d 703 (Fla. 2d DCA 1959). Where a fiduciary or trust relationship exists, an action for an accounting is considered equitable in nature without regard to other considerations. Nayee v. Nayee, 705 So.2d 961 (Fla. 5th DCA 1998).
Here the trial court concluded that Ashemimry controlled all of his corporations, that Ba Nafa gave Ashemimry large sums of money to invest in these corporations and that Ashemimry owed Ba Nafa a fiduciary duty. Given these findings, the court did not err in ordering the accounting and in appointing a special master to perform the accounting of Ashemimry and his corporations. See Cushman (accounting was proper where defendant corporation owed fiduciary duty to plaintiff).
AFFIRMED.
HARRIS, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] Fla. R.App. P. 9.130.
[2] Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Hobbs v. Don Mealey Chevrolet, Inc., 642 So.2d 1149 (Fla. 5th DCA 1994); John Posey Corp. v. R.J.T. Engineering, Inc., 617 So.2d 441 (Fla. 5th DCA 1993).
[3] The off-shore corporations have not challenged venue. See United Engines, Inc. v. Citmoco Services, Inc., 418 So.2d 409 (Fla. 2d DCA 1982)(foreign corporation transacting business in Florida, without receiving authority to do so, is not afforded any venue privileges and must defend a transitory action in any county where jurisdiction over it is obtained).