PER CURIAM.
Respondent, Sheik Ahmed Abdul Rah-man Saleh Ba Nafa, etc., is the plaintiff below. Petitioner, Nasir M. Ashemimry [“Ashemimry”], the defendant below, seeks a writ of certiorari to quash an order of the trial court ordering defendant to produce to plaintiff a witness statement taken by defense counsel.
This case arises out of a commercial dispute involving claims of fraud and theft involving in excess of eight million dollars.[1] The dispute at issue now concerns Item 6 of the plaintiff’s February 22, 2002, request for production, which sought:
Copies of any statements (recorded and/or written) taken by any of the Defendants/Counter Plaintiffs concerning and/or relating to the factual allegations contained in the latest Amended Com *605 plaint or in any of the Defendants/Counter Plaintiffs’ most recent pleadings.[2]
Ashemimry’s response to that request was:
“The only statement in Plaintiffs possession is the statement of Khalid Al-Humaidan which was taken in connection with Defendants’ defense of a criminal investigation and, as such, is protected by the work product privilege.”
On October 2, 2002, the circuit court held a hearing and granted the plaintiffs motion to compel production of witness statements, just as the court had earlier granted Ashemimry’s identical discovery request for witness statements.
Ashemimry now petitions for a writ of certiorari on the ground that the Khalid Al-Humaidan interview was taken “in anticipation of criminal prosecution [and] contains the absolutely protected mental impressions and legal theories of Defendant’s criminal defense and civil attorney,” and, as such, it is not subject to production.
Respondent, in his response, contends that by specifically urging in this court that the recorded statement is opinion work product, not merely fact work product, Ashemimry is raising arguments to this court that he never made to the trial court. He also argues that the trial court was familiar with the case, “with the peculiar circumstance relating to Al Humaidan as an important witness” and has broad discretion in the scope of discovery and this court should not interfere.
We conclude it was error to order discovery of the recorded statement without in camera inspection or additional findings and we accordingly grant the writ. The work product immunity is designed to promote the adversary system by protecting an attorney’s trial preparation. See Visual Scene, Inc. v. Pilkington Bros., 508 So.2d 437 (Fla. 3d DCA 1987). Generally, as the supreme court pointed out in Pinellas County v. Carlson, 242 So.2d 714, 719 (Fla.1970), each party must be prepared to succeed or fail on the product of his own work, absent overriding circumstances. Florida Rule of Civil Procedure 1.280(b)(3) does allow discovery of fact work product where the requesting party can show need and the inability to obtain the substantial equivalent by other means without undue hardship. Vesta Fire Ins. Corp. v. Figueroa, 821 So.2d 1233, 1234 (Fla. 5th DCA 2002). The showing of need and undue hardship necessary to overcome the work product immunity is more than a bare assertion and must include specific explanations and reasons. The unsworn allegations of counsel are insufficient. North Broward Hosp. Dist. v. Button, 592 So.2d 367 (Fla. 4th DCA 1992); see Procter & Gamble Co. v. Swilley, 462 So.2d 1188 (Fla. 1st DCA 1985).
Here, the claim of work product was adequately raised. To defeat the work product immunity, respondent mainly relied on the court’s prior ruling that petitioner had to produce similar statements— a ruling that respondent chose to comply with rather than have this court review it. Since the documents and videotape at issue clearly have the character of work *606 product, however, plaintiff must identify a legal basis for their discovery. On certio-rari review, the plaintiff mainly relies on the defendant’s failure to specify that the statement was “opinion” work product and contends that the “overall record” would have been enough to support a determination by the trial court that the plaintiff could have met the test to obtain the statement as fact work product based on a need for the material in order to prepare the plaintiffs case and his inability to obtain the substantial equivalent by other means. This exception is problematical, however, because the record suggests that the witness could be deposed and, by now, may have been deposed.[3] Further, the plaintiff has himself previously obtained a written statement of some sort from the witness in the nature of responses to written questions. The fact that the witness is in Europe might, in an appropriate case, be enough to support the “undue hardship” prong because of the cost of travel, but in this case both the facts underlying the dispute and the conduct of the litigation suggest that travel to Europe for a deposition does not constitute “undue hardship” on the basis of cost alone.
Writ GRANTED.
PETERSON, GRIFFIN and PLEUS, JJ., concur.

. We have heard prior appeals in this case, one involving jurisdiction and venue and one prior certiorari, which concerned a different discovery issue. Ashemimry v. Ba Nafa, 778 So.2d 495 (Fla. 5th DCA 2001); Ashemimry v. Ba Nafa, No. 00-2389 (Feb. 7, 2001).

. At the hearing on this issue, plaintiff mainly relied on the fact that this request was not so coincidentally (except for exchanging the names of the plaintiff and defendant) the same as Ashemimry asked the plaintiff to produce in 2001:
6. Copies of any statements (recorded and/or written) taken by the Plaintiff con-ceming and/or relating to the factual allegations contained in the latest Amended Complaint or in Plaintiff's most recent pleadings.
The trial court ordered the plaintiff to produce that information, which he did.

. Respondent says in his response to the petition that Ashemimry is in Romania and that his deposition was scheduled to take place in March 2003.