877 So.2d 740 (2004)
Morris R. MATHIEU, Appellant,
v.
Kris MATHIEU n/k/a Kris Badzinski, Appellee.
No. 5D03-2954.
District Court of Appeal of Florida, Fifth District.
May 7, 2004.
Rehearing Denied July 27, 2004.
*741 Hal Roen, of Hal Roen, P.A., Winter Park, for Appellant.
Neva M. Kelaher, Winter Park, for Appellee.
PER CURIAM.
This is the appeal of an amended final judgment of dissolution of marriage. The former husband, Morris Mathieu ["Mathieu"], has raised five claims of reversible error in the final judgment. A significant theme running throughout is that inadequate findings of fact were made by the trial court. We disagree because the required findings are either express or apparent within the judgment, and our review is not hampered.
After the trial court issued its judgment below, Mathieu's trial counsel, an experienced marital lawyer, filed a detailed motion for rehearing, raising multiple issues of law and asserting that several of the court's findings were not supported by the evidence at trial. Notably, however, the only issue about which the inadequacy of the court's findings was raised was attorney's fees.
It commonly happens in appeals from final judgments in dissolution of marriage cases that the appellant will urge reversible error based on inadequate findings of fact, yet the claim of inadequate findings is often not brought to the attention of the trial court by way of a motion for rehearing. Rather than bring the fact-finding defect to the trial court at the time the decision is made so that the same judge who decided the case can correct the omission while the case is fresh in his mind, often the defect is not ascertained on appeal until many months have elapsed. At best, the trial court has to recall facts that have receded in memory. At worst, the case may land in the lap of a different judge, who has to start all over.
The Third District Court of Appeal has taken the approach that a party cannot complain on appeal about inadequate findings in a dissolution case unless the alleged defect was brought to the trial court's attention in a motion for rehearing. Broadfoot v. Broadfoot, 791 So.2d 584 (Fla. 3d DCA 2001). This strikes us as sensible and we adopt this approach. In the usual case, we will treat the lack of adequate findings as an unpreserved error unless previously brought to the trial court's attention.[1]
AFFIRMED.
SHARP, W., GRIFFIN and MONACO, JJ., concur.
NOTES
[1] Our decision is subject to one caveat: Since the principal reason for findings of fact in these cases is to allow for meaningful appellate review in this very important area of the law, if the court determines on its own that its review is hampered, we may, at our discretion, send the case back for findings.