PER CURIAM.
Contrary to the trial court’s ruling, the cause of action in this case arose in Lee County, Florida, the location where appel-lee was required by contract to make monthly lease payments to appellant in exchange for the lease of a commercial *1074 premises. No exception, to the general venue rule provided by section 47.051, Florida Statutes (2004), applies in this case because the lease created no debtor or creditor relationship whereby appellee/les-see, a resident of Duval County, could summon appellant/lessor, a Lee County resident, to answer in Duval County. See PDM Bridge Corp. v. JC Indus. Mfg., 851 So.2d 289, 291-92 (Fla. 3d DCA 2003) (finding that the special venue rule does not “apply in the absence of a debtor-creditor relationship flowing from an express contractual promise to pay a certain sum of money”); Clarke v. Cartee, 549 So.2d 722, 724 (Fla. 1st DCA 1989) (noting that the debtor/creditor rule is inapplicable where the suit is “not based on a promise to pay a certain sum of money owed, but a suit for the breach of contract and tort to recover unliquidated damages”).
REVERSED and REMANDED.
WOLF, C. J., KAHN, and POLSTON, JJ., concur.