PALMER, J.,
dissenting.
I respectfully dissent because I do not believe that the petitioner, DCL, met its burden of establishing that the trial court departed from the essential requirements of the law by ordering production of the photographs in question after an in camera inspection thereof.
DCL is the defendant in a personal injury action. Respondent, Dorothy Turk, sued DCL alleging that she slipped and fell on the gangway as she was leaving the Disney Magic to go ashore at Disney’s island in the Bahamas. In her complaint, Turk alleged that, as a result of her fall, she suffered bodily injury and incurred medical expenses. As part of the investigation of Turk’s accident, and at the direction of counsel, DCL employees took 17 photographs of the forward and aft gangways used by the Disney Magic. Turk requested production of all photographs showing the location of the accident. DCL objected on work product grounds and provided a privilege log identifying the 17 photographs that were taken. Turk filed a motion to compel. At the hearing on the motion to compel, the trial court sustained DCL’s work product objection, but re *234 quired DCL to provide additional information in its interrogatory answers.
Turk later served a second request for production seeking all photographs of the ramp on which she fell. DCL renewed its work product objection, but provided photocopies of three photographs of the gangway alleged to be representative of all 17 of the photographs, without waiving its objection as to the other photographs. Turk filed a motion to compel production of the other 14 photographs. The trial court heard argument on the motion. At the conclusion of the hearing, the trial court agreed to inspect the photographs in camera. After the in camera inspection, the trial court ordered DCL to produce all 17 photographs. DCL seeks certiorari relief from this discovery order.
The work product doctrine promotes the adversary system by protecting an attorney’s trial preparation. See Universal City Dev. Partners v. Pupillo, 54 So.3d 612 (Fla. 5th DCA 2011). However, it is not an absolute privilege. Under Florida Rule of Civil Procedure 1.280(b)(3) (Apr.2012), a party may obtain discovery of documents and tangible objects prepared in anticipation of litigation or for trial by or for another party upon a showing that the party has need of the materials in the preparation of the case and is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. See Ashemimry v. Ba Nafa, 847 So.2d 603 (Fla. 5th DCA 2003). During an in camera review, the trial court can evaluate whether the materials sought provide the requisite evidentiary value alleged by the requesting party and can determine whether the materials are substantially similar to materials already available. See Metric Eng’g, Inc. v. Small, 861 So.2d 1248, 1250 (Fla. 1st DCA 2003). Orders improperly compelling production of work product materials may be quashed by a writ of certiorari. See, e.g., Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983). Certiorari relief is proper
when the petitioner can establish three necessary elements: (1) the order “de-partís] from the essential requirements of the law,” and (2) “result[s] in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal.” Williams v. Oken, 62 So.3d 1129, 1132 (Fla.2011) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004)).
Keck v. Eminisor, 104 So.3d 359 (Fla.2012). DCL did not meet its burden of establishing entitlement to receive certio-rari relief, because DCL did not provide the photographs to this court, and, without seeing the photographs, we cannot determine that the trial court erred in ordering their production.
The majority reverses the trial court’s order because of a lack of written findings. I do not agree that findings are required in this situation. No statute or rule mandates that the trial court provide findings. Although the majority cites Dismas Charities, Inc. v. Dabbs, 795 So.2d 1038 (Fla. 4th DCA 2001), that case fails to cite any statute or rule requiring such findings, and I disagree with its conclusion.
Additionally, even if findings were required, any objection to the lack of findings was not preserved for review in this proceeding because DCL failed to raise the issue of findings to the trial court. See Mathieu v. Mathieu, 877 So.2d 740 (Fla. 5th DCA 2004). In Mathieu, this court noted:
Rather than bring the fact-finding defect to the trial court at the time the decision is made so that the same judge who decided the case can correct the omission while the case is fresh in his mind, often the defect is not ascertained on appeal until many months have elapsed. *235 At best, the trial court has to recall facts that have receded in memory. At worst, the case may land in the lap of a different judge, who has to start all over.
Id. at 741. We concluded that “[i]n the usual case, we will treat the lack of adequate findings as an unpreserved error unless previously brought to the trial court’s attention.” Id.; see also Broadfoot v. Broadfoot, 791 So.2d 584 (Fla. 3d DCA 2001). The rationale for that ruling is equally applicable in this case.
I would affirm the trial court’s order.