PER CURIAM.
Rigaud Colin appeals the entry of a domestic violence injunction against him, which prohibited him from having contact with his wife, Rosa Colin. Finding no error, we affirm.
Rosa believed Rigaud had been unfaithful and, in his absence, removed the couples’ mattress and box springs from the bedroom to the patio. When Rigaud later returned home, he confronted an angry Rosa who stood in his way when he attempted to return the bed to the bedroom. He struck her multiple times with the box springs causing injury, which prompted Rosa to seek medical treatment.
Rosa subsequently sought a temporary injunction for protection and filed for a dissolution of marriage. At the hearing for the injunction, the court asked Rigaud if he had a problem with the issuance of a temporary support order. His attorney objected, arguing that his client would not have the ability to maintain himself as a self-employed non-wage earner because he had lost his home office in the marital home. Rosa pointed out that Rigaud had an office from which he conducted his real estate business and that he had a tax preparation business.
After hearing testimony that Rosa was hit several times with the box springs and viewing pictures received into evidence of the resulting bruising, the court entered a domestic violence injunction. Based on a child support worksheet and without objection, the court ordered Rigaud to pay Rosa $2,109.13 per month child support for two children.
Rigaud appeals claiming that there was insufficient evidence to support either the injunction or the amount of child support. He urges that the injunction must be reversed because the judgment did not include individualized findings to support the conclusion that he committed an act of domestic violence.
The issue of individualized findings was not preserved, even assuming the necessary findings are not “either express or apparent within the judgment.” See Mathieu v. Mathieu, 877 So.2d 740, 741 (Fla. 5th DCA 2004). As stated in Math-ieu:
The Third District Court of Appeal has taken the approach that a party cannot complain on appeal about inadequate findings in a dissolution case unless the alleged defect was brought to the trial court’s attention in a motion for rehearing. This strikes us as sensible and we adopt this approach. In the usual case, we will treat the lack of adequate findings as an unpreserved error unless previously brought to the trial court’s attention.
Id. (citation Omitted). We find sufficient evidence in the record to support the issuance of the injunction.
Concerning the amount of child support, again the issue was not preserved. Ri-gaud complains that the court did not take *113 sufficient evidence regarding his income. The court did not inquire into the income of either business and there is nothing to explain how his income was listed as $10,000 per month on the child support worksheet. But when specifically asked about the worksheets, Rigaud’s attorney stated that they did not “have any objections to those.” The question of the amount was not timely raised below and will not be considered now. See Keech v. Yousef, 815 So.2d 718, 720 (Fla. 5th DCA 2002).
AFFIRMED.
SAWAYA, BERGER, JJ., and HARRIS, C.M., Senior Judge, concur.