COHEN, J.
Gus Spreng (“Husband”) appeals a temporary order awarding Claudia Spreng (“Wife”) attorney’s fees and costs.[1] Husband claims that the trial court erred in failing to consider Wife’s ability to pay her own legal fees and costs and in failing to set forth the reasonableness of the time expended and the hourly rate used to calculate the fee. We affirm.
Although we do not have a transcript from the hearing, the order under review details the history of the marriage and the present financial circumstances of the parties. Husband has a significant net worth and income stream; Wife does not. The trial court ordered Husband to pay an additional $1,700 per month in temporary alimony. That award is not challenged on appeal. The court also awarded approximately $44,500 in fees and costs, finding:
[T]he time expended and the hourly rates are reasonable and commensurate with those in the community. Husband has significant assets, culminating in a net worth of $3.2 million as reflected in his financial affidavit, from which Husband has the ability to pay Wife’s legal fees, and Husband is ordered to pay said fees to Wife’s attorney within thirty (80) days of this Order.
On appeal, Husband argues that the trial court was required to make written findings of fact as to the reasonable hourly rate and reasonableness of the hours expended, and that its failure to do so was reversible error. Wife concedes that the failure to make such findings was error. Despite that concession, we affirm. The order clearly considered Wife’s financial circumstances and needs as well as Husband’s ability to pay. Although it was deficient in its factual findings with regard to the factors set forth in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), we find that this error was not preserved for appeal because Husband never filed a motion for rehearing. See Anaya v. Anaya, 987 So.2d 806 (Fla. 5th DCA 2008); Mathieu v. Mathieu, 877 So.2d 740 (Fla. 5th DCA 2004).
AFFIRMED.
PALMER and EDWARDS, JJ., concur.

. Husband also appeals the denial of his motion for a continuance of the hearing. Finding no abuse of discretion in that denial, we affirm without additional comment.