IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CYNTHIA J. SELTON, MICHAEL J. PAULUCCI, JENO MICHAEL PAULUCCI, ANGELA PAULUCCI MILICH, BRITTANY ANN DEARCOS AND TIFFANY SODERSTROM GEISZ,

     Petitioners,

 v.

LARRY W. NELSON, INDIVIDUALLY AND AS TRUSTEE OF JENO F. PAULUCCI REVOCABLE TRUST AND DAVID SIMMONS, INDIVIDUALLY AND AS TRUSTEE OF JENO F. PAULUCCI, ETC.,

     Respondents.

_____/

Case No. 5D15-3960

Opinion filed October 14, 2016

Petition for Certiorari Review of Order from the Circuit Court for Seminole County, John D. Galluzzo, Judge.

Todd K. Norman, Anthony W. Palma, and Bernard H. Gentry, of Broad and Cassel, Orlando, for Michael Paulucci, and Cynthia J. Selton, and Joseph A. Frein, of Joseph A. Frein, P.A., Orlando, for Jeno Michael Paulucci, Angela Paulucci Milich, Brittany Ann deArcos, and Tiffany Soderstrom Geisz, Petitioners.

Richard S. Dellinger, Terry C. Young, and Jennifer R. Dixon, of Lowndes, Drosdick,

Doster, Kantor & Reed, P.A., Orlando, for
Respondents.


EDWARDS, J.

Petitioners, Cynthia J. Selton, Michael J. Paulucci, Jeno Michael Paulucci, et al. filed a petition seeking the issuance of a writ of certiorari to quash the trial court's order compelling Petitioners to provide copies of all sworn witness statements to Respondents, Larry W. Nelson, individually and as trustee of the Jeno F. Paulucci Revocable Trust, et al. For the reasons that follow, we grant the petition.

Certiorari is an extraordinary remedy. *See Holland v. Barfield*, 35 So. 3d 953, 955 (Fla. 5th DCA 2010). An appellate court may grant a petition for certiorari "only when the petitioner establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." *Capital One, N.A. v. Forbes*, 34 So. 3d 209, 212 (Fla. 2d DCA 2010) (citations omitted). This court uses the second and third prongs to determine certiorari jurisdiction. *See Holden Cove, Inc., v. 4 Mac Holdings Inc.*, 948 So. 2d 1041, 1041 (Fla. 5th DCA 2007); *Barker v. Barker*, 909 So. 2d 333, 336 (Fla. 2d DCA 2005).

"[C]ertiorari is the appropriate vehicle to review an order requiring a party to produce documents or disclose information for which a privilege is asserted." *Seminole Cty. v. Wood,* 512 So. 2d 1000, 1001 (Fla. 5th DCA 1987) (citation omitted). "The basis for allowing certiorari review of certain discovery orders is that discovery of protected material could result in letting the 'cat out of the bag,' and injury could result if such information was disclosed." *Cape Canaveral Hosp., Inc. v. Leal*, 917 So. 2d 336, 339 (Fla. 5th DCA 2005) (citations omitted).

Witness statements prepared by counsel in anticipation of litigation are generally protected by the work-product privilege. *See Publix Super Mkts., Inc. v. Anderson*, 92 So. 3d 922, 923 (Fla. 4th DCA 2012); *Honey Transp., Inc. v. Ruiz*, 893 So. 2d 661, 662 (Fla. 4th DCA 2005). "Although a party may be ordered to provide the names and addresses of individuals who have furnished statements in anticipation of litigation, absent rare and exceptional circumstances, the party may not be required to furnish the statements themselves because such statements are work product." *Dade Cty. Sch. Bd. v. Soler By & Through Soler*, 534 So. 2d 884, 885 (Fla. 3d DCA 1988) (internal citation and quotation marks omitted) (citations omitted).

In *New Life Acres, Inc. v. Strickland*, 436 So. 2d 391 (Fla. 5th DCA 1983), the defendant, an insurance company, "obtained a sworn statement from its insured driver during the course of its investigation of a vehicular collision, which was the basis for a subsequent law suit initiated by the" plaintiffs. 436 So. 2d at 391. The plaintiffs sought production of the insured driver's statement. *Id.* The defendant objected, asserting that the sworn statement of insured driver was work product and, therefore, privileged from discovery. *Id.* Over the defendant's objection, the trial court ordered the statement to be disclosed. *Id.* Upon certiorari review, this court quashed the order, holding that the statement at issue was clearly work product and was exempt from disclosure as no showing was made that any of the exceptions set forth in Florida Rule of Civil Procedure 1.280(b) applied.

In this case, the lower court ordered production of the witness statements solely because they were sworn affidavits. No showing was made by Respondents to the trial court that any of the exceptions of rule 1.280(b) applied. The court compelled production

3

of these witness statements without conducting an in camera inspection to determine if the statements at issue were actually work product and without finding that Respondents would be unable to secure the equivalent without undue hardship. This constitutes a departure from the essential requirements of the law. *See Ashemimry v. Ba Nafa*, 847 So. 2d 603, 605-06 (Fla. 5th DCA 2003) (holding that it was error to order discovery in a civil case of a recorded statement allegedly made in preparation for a criminal prosecution without an in camera inspection or additional findings with regard to work product immunity).

We find that the trial court's order departs from the essential requirements of the law resulting in material injury to Petitioners for which there is no adequate remedy on final appeal. Accordingly, the order compelling Petitioners to produce the sworn witness statements is quashed and the case is remanded for further proceedings.

PETITION GRANTED.

LAWSON, C.J. and EVANDER, J., concur.