# Third District Court of Appeal

## State of Florida

Opinion filed January 5, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1151
Lower Tribunal No. 10-30306
_____

**Victor Lerner, et al.,**
Appellants,

vs.

**Ino Halegua, et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Charlip Law Group, L.C., and David H. Charlip, for appellants.

Jones & Adams, P.A., and Matthew L. Jones, and Daniel Haydar, Joel S. Perwin, P.A., and Joel S. Perwin, for appellees.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

Appellants challenge a final judgment executed following the rendition of a jury verdict and an accounting bench trial.  Observing that "[a] verdict is clothed with a presumption of regularity and is not to be disturbed if supported by the evidence," Sweet Paper Sales Corp. v. Feldman, 603 So. 2d 109, 110 (Fla. 3d DCA 1992), the trial court is not permitted to "sit as a seventh juror with veto power," Laskey v. Smith, 239 So. 2d 13, 14 (Fla. 1970), and here, the amount awarded by the jury bore "a reasonable relation to the amount of damages proved and the injury suffered" and was "such that it could be adduced in a logical manner by reasonable persons," § 768.74(5)(d),(e), Fla. Stat. (2021), we find no error in the denial of additur or new trial.  Further, we affirm the accounting award in all respects.  See Spring v. Ronel Refin., Inc., 421 So. 2d 46, 47 (Fla. 3d DCA 1982) ("If, after the jury verdict, there are unrelated equitable issues remaining, the trial court may then consider those claims."), disapproved of on other grounds by Jaye v. Royal Saxon, Inc., 720 So. 2d 214 (Fla. 1998); Ashemimry v. Ba Nafa, 778 So. 2d 495, 498 (Fla. 5th DCA 2001) ("Where a fiduciary or trust relationship exists, an action for an accounting is considered equitable in nature without regard to other considerations.").

Affirmed.