HENDRY, Chief Judge.
Appellant, defendant below, brings this interlocutory appeal from an order of the trial court which, inter alia, denied her “amended motion to abate” for improper venue.
Appellee, plaintiff below, filed a complaint for declaratory judgment in the Circuit Court of Dade County, in which he sought a determination of his rights in certain real property located in Manatee County which was given to him by appellant as payment for legal services furnished to one Fred John Roti. Appellant, by motion, sought to have venue transferred to the Circuit Court of Manatee County on the ground that the complaint filed by appellee was, in substance, a suit to quiet title to the realty. The trial court denied the motion and this appeal follows.
After carefully reviewing the allegations contained in the complaint in conjunction with the relief sought by appellee, it is our opinion that the trial judge erred in not transferring the case to the Circuit Court of Manatee County.
While appellee, relying upon the case of Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934), contends that the gravamen of the complaint is a determination of his rights to certain real property resulting from a breach of an employment contract which *575 allegedly occurred in Dade County, the allegations of the complaint reveal that by virtue of a prior transfer made by appellant, appellee already has record title to the property.
In addition, the relief prayed for by ap-pellee is clearly of the kind sought in quiet title actions, to-wit:
“WHEREFORE, the plaintiff petitions the Court for declaratory judgment as follows:
“1. That the Plaintiff herein be declared to have clear title to said property in accordance with Exhibits A & B.”
It is our opinion therefore, that the order appealed from must be reversed and remanded with directions to transfer the cause to the Circuit Court of Manatee County, in accordance with the rule that actions to quiet title must be brought in the county where the land lies. Hendry Corporation v. State Board of Trustees of Internal Improvement Trust Fund, 313 So.2d 453 (Fla.2d DCA 1975).
Reversed and remanded with directions.