399 So.2d 65 (1981)
Harold K. WINDSOR, Appellant,
v.
Crescent A. MIGLIACCIO, Appellee.
No. 80-670.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
Macdonald J. Wiggins of Duckworth, Hobby, Allen & Pettis, P.A., Orlando, for appellant.
Christopher W. Wickersham of Becks, Becks & Wickersham, Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant (defendant below) contends that the trial court erred in denying his motion to transfer venue from Volusia County to Orange County.[1] We agree and reverse.
In the action filed by plaintiff in Volusia County, he alleged essentially that (1) defendant had breached the exclusive licensing agreement between the parties by failing to proceed with diligence with the exploitation, manufacture, use and sale of a product invented by plaintiff; (2) that because earned royalties had not totalled one hundred dollars since the first year of the agreement, plaintiff had elected, pursuant to the terms thereof, to cancel the agreement. He then alleged doubt as to his *66 rights, remedies and responsibilities under said agreement, and asked for an order declaring it null and void.
Defendant resides in Orange County and no property is involved in the litigation. The parties agree that the venue question depends on "where the cause of action accrued."[2]
Appellant argues that if there was a breach of the agreement, it occurred in Orange County, where he resides, maintains his place of business and where he was obligated to perform the agreement. Appellee responds by citing the general rule that venue is proper for suits on contract in the county where payment should have been made, Sheffield Steel Products, Inc., v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA 1980), which would be Volusia County, where he resides.
A cause of action for venue purposes accrues in the county where the contract is breached. Speedling, Inc. v. Krig, 378 So.2d 57 (Fla.2d DCA 1979). If a plaintiff alleges breach of a covenant to pay money due or already earned under a contract, the cause of action accrues where performance of the act of payment was to occur. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961). If the action is for breach of some other covenant, venue is proper in the county where that covenant was to be performed. American International Food Corp. v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978). Appellee in the instant case did not allege that appellant failed to make payments due or earned under the contract; rather, appellee alleges breach of a covenant to promote his invention. This cause of action accrued in Orange County, where the services were to be performed. Thomas Hardell & Associates, Inc. v. Nabers & Crane, etc., 382 So.2d 439 (Fla.2d DCA 1980). No cause of action accrued in Volusia County merely because payments were properly made there. American International Food Corp. v. Lesko; James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla.2d DCA 1970).
If appellee's option to cancel the agreement exists because the royalties did not total $100 in any year after the first year, the failure of the royalties to total $100 does not in itself constitute a "breach" of the agreement. A "cause of action" for venue purposes consists of an invasion of a legal right, and damage therefrom. Luckie v. McCall Mfg. Co., 153 So.2d 311 (Fla. 1st DCA 1963). A suit for declaratory relief does not itself constitute a "cause of action" for venue purposes; rather, some underlying justification for laying venue must be shown. George v. Gustinger, 350 So.2d 574 (Fla.3d DCA 1977). Thus, on this ground, venue would lie in the county of defendant's residence, since no invasion of plaintiff's legal rights are shown to have occurred in Volusia County.
The order denying appellant's motion to change venue is reversed, and the cause is remanded to the trial court with directions to enter an order transferring the cause to Orange County.
REVERSED and REMANDED.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] See Fla.R.App.P. 9.130(a)(3)(A).
[2] § 47.011, Florida Statutes (1979) provides, (in relevant part),

Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.