424 So.2d 48 (1982)
THE FLORIDA COMPANIES, a Corporation, Appellant,
v.
BFA CORPORATION, a Florida Corporation, and Ponce Building Associates, a Partnership, Appellees.
No. 82-1432.
District Court of Appeal of Florida, Third District.
December 7, 1982.
Rehearing Denied January 20, 1983.
*49 Smith & Hulsey and Stephen D. Busey and E. Lanny Russell, Jacksonville, for appellant.
Phillip Schiff, Miami, for appellees.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
NESBITT, Judge.
This is an interlocutory appeal from an order of the trial court denying the defendant's motion for change of venue. We reverse.
The plaintiff, BFA Corporation, instituted a declaratory judgment action against its lessor, The Florida Companies, seeking to: (1) resolve a dispute over the interpretation of a rent escalation clause; and (2) in anticipation of a ruling favorable to plaintiff, to require the lessor to return to lessee overpayments of rent. Since the defendant is a domestic corporation, the controversy is essentially governed by Section 47.051, Florida Statutes (1981). That statute provides, in pertinent part:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
Thus, the action may be brought only in those three locations. None of these alternatives for venue allow this action to be brought in Dade County.
The record clearly established that the defendant's principal place of business is in Duval County; it does not even maintain an office in Dade County. Clearly, then, the first facet of the statute has not been activated.
We also reject the appellee's contention that because the property, upon which the subject lease was held, is located in Dade County, that venue is properly in Dade County. The location of the property is not material because the suit is in personam and the property is not drawn into the litigation. See Gates v. Stucco Corp., 112 So.2d 36 (Fla. 3d DCA 1959); Coon v. Abner, 246 So.2d 143 (Fla. 3d DCA 1971).
As to the third alternative for determination of venue, we find that the cause of action accrued in Duval County. A suit for declaratory relief does not of itself constitute a cause of action for the purpose of activating the venue statute. Rather, it is the underlying relief sought which determines venue. Windsor v. Migliaccio, 399 So.2d 65 (Fla. 4th DCA 1981). The nature of the underlying action is to avoid the payments of disputed sums which would otherwise be payable in Duval County. Consequently, we adhere to the traditional view that the cause of action accrued where payment was to be received. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Windsor v. Migliaccio, supra; Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977).[1]
*50 For the foregoing reasons, the trial court erred in denying the defendant's motion to transfer the action to Duval County.
Reversed with directions.
NOTES
[1] We reject the appellee's contention that venue was properly in Dade County because the lease was executed there. If there had been a breach of contract in Dade County, then, the appellee's interpretation would be correct. See Windsor v. Migliaccio, supra.