430 So.2d 13 (1983)
ORANGE BLOSSOM ENTERPRISES, INC., Etc., Appellant,
v.
Timothy S. BRUMLIK and Bionic Instruments of Delaware, Inc., Etc., et al., Appellees.
No. 82-1321.
District Court of Appeal of Florida, Fifth District.
May 4, 1983.
*14 Leo Greenfield of Greenfield & Duval, North Miami, for appellant.
Denise G. Morris of Burton L. Bruggeman, P.A., Orlando, for appellee Brumlik.
No appearance for appellee Bionic Instruments.
ORFINGER, Chief Judge.
This appeal is from a non-final order denying appellant's motion for change of venue. Fla.R.App.P. 9.130(a)(3)(A). We affirm.
Appellee Timothy Brumlik filed a complaint in the Circuit Court of Orange County, Florida, against Orange Blossom Enterprises, Inc. (Orange Blossom) and Bionic Instruments of Delaware, Inc. (Bionic), seeking damages for breach of contract, alleging that the breach occurred because of non-payment by the defendants, and alleging that payment was due in Orange County. A default has been entered against Bionic, which is not involved in this appeal. Orange Blossom moved to change venue to Dade County, alleging that it is a domestic corporation, domiciled in Dade County where the contract in question was negotiated and entered into, and that it was therefore entitled to be sued in Dade County.
No property is involved here, so the venue against this domestic corporation lies either where the corporation has, or usually keeps an office for the transaction of its ordinary business or where the cause of action accrued. Section 47.051, Florida Statutes (1981). Since Orange Blossom does not maintain an office in Orange County, we look to where the cause of action accrued.
For venue purposes in a contract action, a cause of action accrues where the contract is breached. If the breach alleged is the failure to make payment due on the contract, the cause of action accrues where performance of the act of payment was to occur. Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). Coincidentally, the place where the contract was negotiated and signed may also be the place where payment is due, but it is the latter and not the former that determines where the cause of action accrues if non-payment is the alleged breach.
The party seeking the change of venue has the burden of establishing that the initial choice of venue was improper. The plaintiff is not required to plead and prove that his initial choice of venue is proper (although as a practical matter a plaintiff often makes this showing in his complaint) in the absence of a sufficient challenge by defendant. Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA 1980); Stolley Associates, Inc. v. Lawrence, 243 So.2d 446 (Fla. 4th DCA 1971). Here, plaintiff alleged non-payment of sums due to be paid in Orange County. Defendant's affidavits *15 merely alleged the "residence" of the corporation in Dade County and the fact that the negotiations and signing took place there, as well. Defendant did not carry its burden of showing that plaintiff's choice of venue was improper.
Appellee has filed a motion for the allowance of attorney's fees on the ground that the contract in question provides that "[i]f there is any litigation arising hereunder, the prevailing party shall be entitled to recover ... attorney's fees." Because the decision involves only the question of venue, there has been no determination yet on who is the prevailing party on the merits, so any award of attorney's fees will have to await the final outcome of the case. The motion for fees is therefore denied.
The order appealed from is
AFFIRMED.
DAUKSCH and COWART, JJ., concur.