452 So.2d 625 (1984)
Jerry SOOWAL and East Marsh Nursery, Inc., Appellants,
v.
Jay W. MARDEN and the Glassworks, Inc., Appellees.
No. 84-368.
District Court of Appeal of Florida, Third District.
June 5, 1984.
Rehearing Denied July 23, 1984.
Ruden, Barnett, McClosky, Schuster & Russell, Fort Lauderdale, and Kevin J. O'Grady, Plantation, for appellants.
Leslie J. Lott, Coral Gables, for appellees.
Before HUBBART and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
*626 PEARSON, TILLMAN (Ret.), Judge.
Jerry Soowal and East Marsh Nursery, Inc., a domestic corporation, appeal a non-final order of the trial court denying their motion to dismiss the complaint for improper venue. For reasons more fully developed herein, we reverse.
The underlying cause of action concerns an alleged breach of a settlement agreement which was entered into by the parties on May 13, 1983 to stop appellants' alleged violation of appellees' trademark. The complaint was filed after appellants allegedly used the disputed mark at a trade show in Hallandale, Florida on September 12, 1983. The complaint, filed in Dade County, was brought in three counts: breach of the settlement agreement, fraud and declaratory judgment. The complaint prayed for monetary damages and injunctive relief. Appellants filed their motion to dismiss, asserting that the requisites for laying venue in Dade County were not met and that venue was more properly laid in Broward County.
Section 47.011, Florida Statutes (1983), states:
"Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents."
Section 47.051, Florida Statutes (1983), states in relevant part:
"Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located..."
It is uncontroverted that neither defendant resides in Dade County, the corporate defendant does not maintain an office in Dade County, and there is no property litigation in Dade County. To be sure, the location of defendants' residence and office is in Broward County. Therefore, venue can only be proper in Dade County if the cause of action accrued here.
Since a suit for declaratory relief does not of itself constitute a cause of action for the purpose of activating the venue statute, it is the underlying relief sought which determines venue. The Florida Companies v. BFA Corp., 424 So.2d 48 (Fla. 3d DCA 1982); Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). For venue purposes in a contract action, a cause of action accrues where the contract is breached. Orange Blossom Enterprises, Inc. v. Brumlik, 430 So.2d 13 (Fla. 5th DCA 1983); Vital Industries, Inc. v. Burch, 423 So.2d 1023 (Fla. 4th DCA 1982); Windsor v. Migliaccio, supra, 399 So.2d at 66. For venue purposes in a tort action, a cause of action is deemed to accrue where the act creating the right to bring an action occurred. E.J. Sales & Service, Inc. v. Southeast First National Bank of Miami, 415 So.2d 906 (Fla. 3d DCA 1982); Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975).
Appellants assert that the cause of action, if any, accrued in Broward County where the alleged prohibited use of the trademark took place. Appellees argue that the cause of action accrued in Dade County because the defendants' failure to turn over all printed and other materials bearing the trademark to them in Dade County constituted a breach of the settlement agreement. We believe, however, that the simple failure to send materials to Dade County, without more, is not sufficient to state a cause of action. "A cause of action is some particular legal right of plaintiff against defendant, together with some definite violation thereof which occasions loss or damage." Luckie v. McCall Manufacturing Co., 153 So.2d 311, 314 (Fla. 1st DCA), cert. denied, 157 So.2d 817 (Fla. 1963). Thus, while the failure to send the materials may have been a violation of the settlement agreement, appellees sustained no injury or damage until the prohibited materials were allegedly used. That action occurred in Broward County. Therefore, all the statutory requirements *627 for setting venue were met in Broward County and appellants' motion should have been granted.
The decision of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.