814 So.2d 1112 (2002)
D.M., Appellant,
v.
J.D.M, a minor, by and through his next-best friend, C.F., C.F., former wife, individually and as next-best friend of J.D.M, Amy Swan, Psy.D., Guardian Ad Litem Program, 17th Judicial Circuit, Broward County, Florida, Office of the Attorney General, State of Florida Dependency Division, State of Florida Department of Children and Families and Broward County Sheriffs Department, Appellee.
No. 4D01-4553.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
Rehearing Denied May 13, 2002.
*1113 Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, and Deanna Shifrin of Buckner & Shifrin, Miami, for appellant.
Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellee.
WARNER, J.
This appeal arises from an order denying a motion to transfer venue of a dependency action from Broward County to Dade County, where post-dissolution custody proceedings involving the minor had been ongoing for the past ten years. We conclude that the trial court abused its discretion in failing to transfer the proceedings to Dade County and reverse.
Appellant, D.M., divorced his former wife, C.F., in Dade County in 1990. A year later, the final judgment was amended to provide for shared parental responsibility, with D.M. having primary physical residence of the minor child J.D.M. That residence was, and continues to be, by court order, in Dade County. C.F. was granted visitation with J.D.M. every other weekend and every Wednesday night. For the next ten years, the former spouses continued to litigate issues involving the minor in Dade County. C.F., a lawyer, lives in Broward County where she has a substantial practice in the dependency court.
On May 29, 2001, C.F., as next friend of J.D.M., filed a petition for a domestic violence injunction in Dade County against D.M. The petition alleged that D.M.'s angry outbursts and belittling of J.D.M. were causing J.D.M. to be emotionally drained and that J.D.M. feared D.M. might engage in a physical attack, although no physical contact was alleged except for D.M. grabbing J.D.M. by the wrist. The petition further alleged that J.D.M. felt he could no longer live with his father. A request for a temporary injunction was denied after an ex parte hearing on the grounds that the allegations did not meet the statutory criteria for a domestic violence injunction.
Upon the filing of the petition, the State of Florida Department of Children and Family Services ("DCFS") assigned a protective investigator in Dade County to investigate the abuse allegations made against D.M. The investigator interviewed J.D.M., D.M., and C.F. She also questioned J.D.M.'s treating psychologist. After review, the investigator recommended counseling services. No change of custody was recommended.
On June 13, 2001, C.F. failed to return J.D.M. to the custody of D.M. in Dade County after J.D.M.'s regular visitation with her in Broward County. The next day, after an adversarial hearing on the petition for domestic violence, the Dade County Circuit Court dismissed the petition finding "no just cause. No evidence was presented beyond the pleading."
On the same day the petition for domestic violence injunction was denied, C.F. filed an emergency motion in Dade County Circuit Court, family division, seeking temporary custody of J.D.M. or extended visitation. In it, she alleged that J.D.M. was in extreme emotional distress living with his father. She alleged that he had been examined by Dr. Amy Swan, who found that J.D.M. was a victim of domestic violence and had become fearful and depressed. Dr. Swan is a psychologist in *1114 Broward County and was not J.D.M.'s treating psychologist.
On July 16, 2001, after scheduling C.F.'s deposition several times, all of which she failed to attend, D.M. filed a motion in Dade County Circuit Court for contempt and return of the minor child. That same day, C.F. filed a notice of withdrawal of her Dade County motion for temporary custody, stating in the notice that the Broward County Sheriff's Office, Child Protective Services Division, in conjunction with DCFS, was conducting an investigation and the sheriffs office had placed the minor child with C.F. However, by that time, all of the investigators in both Broward County and Dade County had advised that they would not recommend that custody should be transferred to C.F. The next day, Dr. Swan filed the petition for adjudication of dependency with respect to J.D.M. in Broward County. A sua sponte order for placement in shelter was entered on July 24, 2001, placing the child with C.F. D.M. argued that proceedings were ongoing in Dade County and that court had jurisdiction of the custody matter.
In the meantime, D.M.'s contempt motion was brought before the court in Dade County on August 7, 2001. After hearing from the parties, the court entered an extensive order which included the following findings:
7. On July 17, 2001, Dr. Amy Swan filed a Petition for Dependency in the Broward County Court under Case Number 01-8644 DP. This Petition was drafted with the assistance of the Petitioner [C.F.]. The Petitioner is an attorney, licensed to practice law in the state of Florida, whose primary practice is in the Dependency Court of Broward County.
Dr. Swan testified that the Petitioner assisted her in drafting the petition. She also testified that she, Dr. Swan, was aware that there was a pending action in Dade County in the Family Court. She was also aware that there was a case worker assigned to this family in Dade County.
When questioned by the Court, Dr. Swan testified that her reason for filing in Broward County Court rather than in Dade County, where the matter was pending, was because she felt the case was not being properly handled by the Department of Children and Family Services in either Dade or Broward County. In addition, Dr. Swan testified that she is more familiar with Broward County and as such, felt more comfortable filing the petition in Broward County.
While the Dade County trial judge reserved ruling on the motion for contempt and return of the child "until such time as the matter in Broward County has been resolved or jurisdiction relinquished," the court sanctioned petitioner, C.F., and stated "[i]t is clear to this Court that the Petitioner's actions indicate not only that she was forum shopping but that she was seeking a favorable ruling in Broward County, when she had failed to obtain one in the Domestic Violence Division of the Dade County Court. The fact that the Petitioner is an attorney makes this conduct even more egregious." The court assessed a fine of $2,500.
D.M. filed a motion to transfer venue of this Broward dependency proceeding to Dade County on the ground that he was the residential parent, Dade County was the residence of J.D.M., and the Dade County Circuit Court had exclusive jurisdiction over the proceedings that had been ongoing for the past ten years. He further argued that the initial venue selection was improper under section 47.011, Florida Statutes (2001), which provides that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property *1115 in litigation is located." The trial court denied the motion to transfer venue, and this appeal followed.
Chapter 39, Florida Statutes (2001), Proceedings Relating to Children, does not contain any venue provisions. Section 39.013(2) authorizes the circuit court to assert exclusive jurisdiction over dependency proceedings under chapter 39, but it says nothing expressly about venue. D.M. contends that the general venue provision of section 47.011 should apply to these proceedings. Because D.M. is a "defendant" and his residence is in Dade County, then initial venue must lie in that county. Alternatively, the "cause of action" accrued in Dade County where the acts upon which the dependency is based took place. We can find no authority for either assertion. While the parents are "parties" in dependency proceedings, so is the child. See Fla. R. Juv. P. 8.210(a). None are referred to as a "defendant." A defendant is one against whom a civil or criminal proceeding is filed. Moreover, to require venue of a dependency proceeding to be filed in the place where the parent resides, whose abuse or neglect leads to the filing of the petition, may not be in the best interests of the child. For instance, a child who resides in Broward County all her life could be declared dependent as to her father who is in prison in Liberty County. It does not comport with the best interests of the child or the efficient administration of justice to require the state to file dependency proceedings where the parent resides in such cases.
Further, we reject the notion that the action must be filed where the "cause of action" accrued. For venue purposes, a "cause of action" is an invasion of a legal right and damages therefrom. See Windsor v. Migliaccio, 399 So.2d 65, 66 (Fla. 5th DCA 1981). A dependency action is not a "cause of action" under this definition.
The Florida Rules of Juvenile Procedure do address venue, and rule 8.205(b) states:
(b) Transfer of Cases Within the State of Florida. The court may transfer any case ... before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit court as the court may determine to be for the best interest of the child and to promote the efficient administration of justice.
This rule indicates that a petition for dependency may be filed in any circuit. However, the action should be transferred in accordance with the foregoing section. That is consistent with the statutory provisions respecting sheltering of children. See §§ 39.395-.4086, Fla. Stat. (2001). For instance, any person in charge of a hospital may detain a child and notify DCFS, which may lead to a shelter petition. See § 39.395, Fla. Stat. (2001). This circumstance might occur where a hospital reports a child, on vacation in another part of the state, as a victim of child abuse. While the petition might be filed in the vacation county, it could and should be transferred to the place where the child and parents reside. Thus, we conclude that because of the many and varied ways in which the child may come to the attention of the authorities, no original venue privileges apply in dependency proceedings.
However, rule 8.205(b) provides that the dependency court may transfer the action to the county of the child's domicile or usual place of residence. Because the transfer is discretionary, we must review the decision to deny it under an abuse of discretion test. Cf. Carr v. Stetson, 741 So.2d 567, 568 (Fla. 4th DCA 1999) ("The standard of review for an order *1116 on a motion to transfer or dismiss for improper venue is abuse of discretion.").
The husband notes that principles of priority favor Dade County as the venue choice. In this case, the child's domicile and usual place of residence at the time of filing the petition was Dade County. Moreover, post-dissolution proceedings involving the family and the same allegations of abuse by the father continued in Dade County and were pending until the day before the dependency action was filed. Indeed, that is what led to the charge of forum-shopping.
We analogize the venue issue in this case to the requirements of the Uniform Child Custody Jurisdiction Act ("UCCJA"), which provisions apply to dependency proceedings. See § 61.1306(3), Fla. Stat. (2001). The Rules of Juvenile Procedure require compliance with the UCCJA. See Fla. R. Juv. P. 8.203. Under the provisions of that rule, "[e]ach party has a continuing duty to inform the court of any custody proceedings in this state." Id. Pursuant to the UCCJA, a court of this state may not exercise its jurisdiction in a custody proceeding if, at the time the petition is filed, a proceeding concerning the custody of the child is pending in another state exercising jurisdiction substantially in conformance with the act. See § 61.1314(1), Fla. Stat. (2001). The UCCJA expresses a principle of priority whose purpose is to prevent forum-shopping and the constant flight of children to jurisdictions one parent may find more favorable. We should exercise the same restraint between the sister courts of our own state.
Even though it is claimed that the minor child, who was age sixteen, advocated the filing of a dependency petition himself and encouraged Dr. Swan to do so, that doesn't permit the very obvious forum-shopping which has occurred in this case. At the time Dr. Swan, with C.F.'s assistance, filed the petition, Broward County was not the child's official domicile. Most of the witnesses, all of the child's records, and ten years of prior proceedings in the dissolution action all occurred in Dade County. The trial court abused its discretion in denying the change of venue.
We hasten to add that the state is not a party in these proceedings. The DCFS did not recommend removing the child from his father's home. Thus, this litigation is between the family members, just like the custody proceedings in Dade County. This is also a reason not to presumptively favor the choice of venue by Dr. Swan. Section 39.501(1) permits any person with knowledge of facts alleged or information which the person believes to be true to file a petition for dependency. The proper venue should not be controlled by the desires of any person but by the regular domicile of the child and the interests of the efficient administration of justice. The "best interests of the child" should be protected by any court of this state in which the proceedings are brought.
Finally, although we reverse the court's order and order that these proceedings be transferred to Dade County, the remaining orders in the dependency proceedings are still in full force and effect. It is apparent that there are significant and substantial problems in the relationship between father and son, and we accept that the son has exercised his own judgment in some of these decisions. However, that does not change the venue analysis.
The order denying a change of venue is reversed and the court is directed to transfer this case to Dade County.
STONE and KLEIN, JJ., concur.