PER CURIAM.
Andrew Chinigo, plaintiff below, appeals a non-final order granting the appellee’s motion to change venue of this fraud in the inducement and unfair trade practices action based upon improper venue. We affirm.
Where as here, the alleged misrepresentations giving rise to these causes of action occurred in Charlotte County, Florida, the trial court did hot abuse its discretion in granting the motion to change venue. See Section 47.051, Fla. Stat. (2000); Contractor’s Mgmt. Sys. of NH, Inc. v. Acree Air Conditioning, Inc., 799 So.2d 320, 321 (Fla. 2d DCA 2001); Soowal v. Marden, 452 So.2d 625, 626 (Fla. 3d DCA 1984); Florida Cos. v. BFA Corp., 424 So.2d 48, 49 (Fla. 3d DCA 1982). By way of cross-appeal, however, the appellees argue and we agree, that the trial court should have transferred this cause to Charlotte County, Florida and not merely dismissed the same'. See McClain v. Crawford, 815 So.2d 777, 778 (Fla. 2d DCA 2002). For this reason, we remand this cause to the trial court for it to enter an order transferring this case to Charlotte County, Florida.
Affirmed in part and remanded with directions.