979 So.2d 967 (2008)
Gerald J. TOBIN, Appellant,
v.
A & F ENGINEERING, a Florida corporation; Dave Forkey, an individual; Vincent Sorena, an individual; Mordechai Shahak, an individual, Appellees.
No. 3D07-994.
District Court of Appeal of Florida, Third District.
January 23, 2008.
Rehearing and Rehearing Denied April 22, 2008.
*968 Howard Brodsky, Miami, for appellant.
Patrick W. Maraist, West Palm Beach, for appellees.
Before WELLS, ROTHENBERG, and SALTER, JJ.
Rehearing and Rehearing En Banc Denied April 22, 2008.
ROTHENBERG, Judge.
The plaintiff, Gerald J. Tobin ("Tobin"), appeals from a non-final order transferring his complaint from Miami-Dade County to Palm Beach County based on the trial court's finding that Tobin's choice of venue was improper, and that pursuant to statute, venue would only be proper in Palm Beach County. As we find no error, we affirm.
In the instant case, Tobin filed a complaint asserting claims for conversion, fraud, and breach of oral contract against A & F Engineering ("A & F"), Dave Forkey ("Forkey"), Vincent Sorena ("Sorena"), and Mordechai Shahak ("Shahak") (collectively, "the defendants"). Thereafter, the defendants moved to dismiss or to transfer Tobin's complaint to Palm Beach County, arguing that venue was improper in Miami-Dade County. During the hearing on the motion to dismiss or transfer, although Tobin conceded that the fraud and breach of contract claims accrued in Palm Beach County, Tobin argued that venue was proper in Miami-Dade County as the conversion claim accrued in Miami-Dade County.
As the facts relating to Tobin's choice of venue are not in dispute, the order transferring venue to Palm Beach County turns on a question of law, and therefore, this Court's standard of review is de novo. As stated in PricewaterhouseCoopers LLP v. Cedar Resources, Inc., 761 So.2d 1131, 1133 (Fla. 2d DCA 1999):
[W]hen a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiff's venue selection, the defendant is arguing that, as a matter of law, the lawsuit has been filed in the wrong forum. In order to rule on such a motion, the trial court needs to resolve any relevant factual disputes and then make a legal decision whether the plaintiff's venue selection is legally supportable.
As a matter of law, we conclude that Tobin's venue selection was improper as the corporate defendant, A & F, has its sole corporate office in Palm Beach County, not Miami-Dade County, see § 47.051, Fla. Stat. (2006);[1] the individual defendants (Forkey, Sorena, and Shahak) reside in Palm Beach County, not Miami-Dade County, see § 47.011, Fla. Stat. (2006);[2] the causes of action, including the conversion claim, accrued in Palm Beach County, not Miami-Dade County, see §§ 47.011, 47.051, Fla. Stat. (2006); Nicholas v. Ross, 721 So.2d 1241 (Fla. 4th DCA 1998) (reversing denial of motion to transfer action *969 to Hillsborough County where defendant resides in Hillsborough County and "cause of action accrued when [defendant] obtained possession of the funds by deposit to her account, which took place in Hillsborough County"); and the property in litigation is located in Palm Beach County, not Miami-Dade County, see §§ 47.011, 47.051, Fla. Stat. (2006). Therefore, we affirm the trial court's non-final order transferring Tobin's complaint from Miami-Dade County to Palm Beach County.
Affirmed.
NOTES
[1] Section 47.051, Florida Statutes (2006), provides, in part, as follows: "Actions against corporations.Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located."
[2] Section 47.011, Florida Statutes (2006), provides, in part: "Where actions may be begun.Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located."