SHEPHERD, J.
The appellant in this case challenges the appellee’s standing to bring a foreclosure action against the appellant, arguing the appellee, a common-law trust, failed to comply with its pooling and servicing agreement when it took possession of the original note and mortgage and thus the trust cannot legally be in possession of the note and mortgage when it was obtained in violation of its trust documents. Because the appellant is neither a party to nor a third-party beneficiary of the trust, we find the appellant lacks standing to raise this issue and affirm the final judgment of foreclosure in favor of the appellee, as the holder of the original note and mortgage. See In re Walker, 466 B.R. 271, 280-81 *1070 (Bankr.E.D.Pa.2012); In re Almeida, 417 B.R. 140, 149 (Bankr.D.Mass.2009); see also Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010).
Affirmed.