DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES REYNOLDS,**
Appellant,

v.

**NATIONSTAR LOAN SERVICES, LLC,**
Appellee.

No. 4D14-4045

[April 27, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 2008CA028103XXXXMB.

Samuel D. Lopez of Samuel D. Lopez, P.A., Pembroke Pines, for appellant.

Nancy M. Wallace and Diane G. DeWolf of Akerman LLP, Tallahassee, and William P. Heller of Akerman LLP, Fort Lauderdale, for appellee.

WARNER, J.

Charles Reynolds appeals a final judgment of foreclosure. He claims that the appellee, Aurora Loan Services, LLC, failed to prove its standing at the time the foreclosure complaint was filed. We agree that Aurora did not prove standing because it did not prove that it was the holder of the promissory note at the time of the filing of the suit. We thus reverse.

Reynolds executed a note and mortgage to Lehman Brothers Bank FSB, on which he later defaulted. Aurora, the loan servicer, brought a foreclosure action against Reynolds. Aurora alleged it was the owner and holder of the note. A copy of the note without any endorsements was attached to the complaint. Over a year later, Aurora filed the original note with the court. It had two endorsements on it. The first was an undated endorsement from Lehman Brothers Bank to Lehman Brothers Holdings. The second was an endorsement in blank from Lehman Brothers Holdings. Reynolds answered and asserted Aurora's lack of standing as an affirmative defense. After the complaint was filed but before final

judgment, Aurora was purchased by Nationstar Mortgage, LLC, and Nationstar was substituted as party plaintiff.

At the trial, an employee of Nationstar testified as to all of the relevant documents and the default. With respect to the note, the witness testified that there were two endorsements, one from Lehman Brothers Holdings, and one from Lehman Brothers Bank to Lehman Brothers Holdings, which he said was the same as Aurora. Reynolds objected to the witness's testimony that Lehman Brothers Holdings was "the same as Aurora," and the court sustained the objection. The witness then testified that the note was in Aurora's possession at the time the complaint was filed. He did not testify as to when the endorsements were placed on the note. Based upon this testimony regarding the note, as well as other testimony about other elements of the claim, the court denied Reynolds's motion for involuntary dismissal and entered a final judgment of foreclosure for Nationstar.

A determination that a party has standing to bring an action is a question of law which is subject to de novo review. *Westport Recovery Corp. v. Midas*, 954 So. 2d 750, 752 (Fla. 4th DCA 2007). Whether a party is the proper party with standing to bring an action is a question of law to be reviewed de novo. *Elston/Leetsdale, LLC v. CWCapital Asset Mgmt., LLC*, 87 So. 3d 14, 16 (Fla. 4th DCA 2012).

A party's standing is determined at the time the lawsuit is filed. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "[S]tanding may be established from a plaintiff's status as the note holder, regardless of any recorded assignments. If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement." *Id.* (citation omitted).

Reynolds claims that Nationstar did not prove Aurora's standing at the time the complaint was filed. Nationstar's witness testified over objection that Aurora had possession of the note prior to filing the lawsuit, but there was no competent explanation of how or when the transfers from Lehman Brothers Holdings occurred or whether they occurred prior to the suit being filed. There was no evidence as to when the endorsements on the note were made—they were not on the copy attached to the complaint and only appeared over a year later when the original was filed. To make up for this deficiency, the witness tried to testify that Aurora and Lehman Brothers Holding were one and the same, but the court sustained the objection to this testimony. Without that evidence, there was no testimony to show that Aurora was a holder of the note at the time of the filing of the complaint.

In its brief, Nationstar states in a footnote that "it is well known, particularly among judges who preside over hundreds of foreclosure actions, that Aurora is the servicing arm of Lehman Brothers." This information might qualify for judicial notice either as "[f]acts that are not subject to dispute because they are generally known within the territorial jurisdiction of the court" or "[f]acts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." § 90.202(11), (12), Fla. Stat. (2013). However, we cannot take judicial notice of this "fact," nor can the trial court without a timely and otherwise sufficient request under section 90.203, Florida Statutes (2013). Here, however, when Reynolds objected, Nationstar did not attempt to otherwise prove the connection between Lehman Brothers and Aurora. Without evidence of such, Nationstar was unable prove that Aurora held the note at the time it filed suit.

We thus reverse for entry of a judgment of dismissal of the complaint for foreclosure.

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***

3