# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1032
Lower Tribunal No. 09-1063-K
_____

**Citibank, N.A., etc.,**
Appellant,

vs.

**Martin and Jitka Olsak,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Donald C. Evans, Senior Judge.

Carlton Fields Jorden Burt, P.A., and Michael K. Winston, Dean A. Morande, and Alana Zorrilla-Gaston (West Palm Beach), for appellant.

W.J. Barnes, P.A., and Jeff Barnes (Boca Raton), for appellees.

Before SUAREZ, C.J., and SHEPHERD and SCALES, JJ.

SCALES, J.

Appellant, plaintiff below, Citibank, N.A., as trustee for the BSARM 2007-2 trust (the "Trust"), appeals a final judgment involuntarily dismissing the Trust's foreclosure complaint post-trial. The trial court entered final judgment against the Trust based exclusively on Appellees' expert witness who testified at trial that the Trust was not, and never had been, the holder of the subject note. We reverse because the trial court impermissibly relied upon the expert's legal conclusions rather than competent, substantial evidence.

## I. Facts

In September of 2006, the now defunct Orion Bank loaned Appellee Martin Olsak $540,000. Orion Bank's loan was memorialized with a promissory note (the "Olsak Note"), and secured with a mortgage (the "Olsak Mortgage") encumbering Olsak's real property in Key West, Florida. After Olsak defaulted on the note and mortgage by failing to make a required installment payment, the Trust – which had allegedly acquired the Olsak Note and Mortgage – filed a foreclosure action in Monroe County Circuit Court in June of 2009.

Prior to trial, the Trust filed with the Court the original Olsak Note payable to Orion Bank. The Olsak Note was endorsed by the loan's servicer, Wells Fargo, as Orion Bank's attorney-in-fact, and then endorsed in blank by Wells Fargo. The Trust introduced into evidence a September 2006 mortgage assignment showing that the Olsak Mortgage and Olsak Note were assigned by Orion Bank to Wells

2

Fargo on the same day the loan was originated. In addition, the Trust introduced into evidence a Wells Fargo "screen shot" purportedly showing that the loan was placed into the Trust on June 28, 2007.

Olsak called one witness, Richard Kahn, a mortgage foreclosure fraud investigator and securitization auditor. Over the Trust's objections, Kahn, a non-lawyer whom the trial court treated as an expert witness, gave opinion testimony that the Trust documents did not allow for the Trust to acquire a note, like the Olsak Note, that had been endorsed in blank. Kahn also testified that the Olsak Note endorsements violated IRS provisions related to real estate mortgage investment conduits ("REMICs") such as the Trust. While Kahn was unable to identify who held the Olsak Note, he testified, in conclusory fashion, that the Trust was not the holder of the Olsak Note.

After allowing for post-trial submittals by the parties, and relying exclusively on Kahn's testimony, the trial court entered the final judgment on appeal concluding that the Trust "[n]ever acquired any interest in either the Note or the mortgage" and, therefore, never acquired standing to institute the action. Citibank timely appealed.

**II. Standard of Review**

Generally, the determination of whether a plaintiff has standing is a legal issue subject to de novo appellate review. Reynolds v. Nationstar Loan Servs.,

LLC, 190 So. 3d 219, 221 (Fla. 4th DCA 2016). To the extent that the trial court's standing determination involves factual findings, we uphold such findings only if supported by competent, substantial evidence. Verneret v. Foreclosure Advisors, LLC, 45 So. 3d 889, 891 (Fla. 3d DCA 2010).

### III. Analysis

To have standing, a plaintiff who is not the promissory note's original payee must have possession of the note at the inception of the foreclosure case. This plaintiff also must provide the trial court with either an assignment in favor of the plaintiff or a note that bears either an endorsement in blank or a special endorsement in favor of the plaintiff. See McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012); see also § 673.3011, Fla. Stat. (2016) (stating that a "person entitled to enforce" an instrument includes "[t]he holder of the instrument"); Wells Fargo Bank, N.A. v. Morcom, 125 So. 3d 320, 321-22 (Fla. 5th DCA 2013). While the Trust had possession of the Olsak Note bearing a blank endorsement, the trial court nonetheless determined that the Trust never acquired any interest in the Olsak Note. The record reflects that the trial court's conclusion was based exclusively on Kahn's testimony.

Specifically, Kahn opined that: (i) the terms of the Trust documents required all notes held by the Trust to contain specific endorsement language not contained on the endorsed Olsak Note; (ii) the language of the 2006 mortgage assignment did

4

not comport with the requirements of the Trust documents; (iii) Wells Fargo's purported endorsement of the Olsak Note as attorney-in-fact for Orion Bank was invalid because Kahn had not located a recorded power of attorney document in which Orion Bank had appointed Wells Fargo as its attorney-in-fact; and (iv) the alleged infirmities regarding the Olsak Note's endorsements and 2006 mortgage assignment violated IRS rules governing REMICs.

At the outset, it bears noting that witnesses, even witnesses qualified as experts, generally are precluded from providing testimony in the form of legal conclusions. See Palm Beach Cty. v. Town of Palm Beach, 426 So. 2d 1063, 1070 (Fla. 4th DCA 1983) ("Regardless of the expertise of the witness, generally, and his familiarity with legal concepts relating to his specific field of expertise, it is not the function of the expert witness to draw legal conclusions. That determination is reserved to the trial court."). Opinion testimony of experts amounting to conclusions of law are inadmissible because the determination of such questions is exclusively within the court's province. Thundereal Corp. v. Sterling, 368 So. 2d 923, 928 (Fla. 1st DCA 1979) (internal quotations and citations omitted). And, it constitutes reversible error for a trial judge to rely upon expert testimony to determine questions of law. Devin v. City of Hollywood, 351 So. 2d 1022, 1026 (Fla. 4th DCA 1976).

Kahn's testimony was devoid of facts to assist the trial court in making its own legal conclusions regarding the Trust's standing. Rather, Kahn simply provided legal opinions – often of dubious relevance and in conclusory fashion – related to the Trust's operating documents and the IRS tax code's treatment of REMICs. Interestingly, when Kahn was asked on cross-examination if an endorsed-in-blank note is a transferrable instrument, the trial court sustained Olsak's objection that the question called for a legal conclusion.

We are compelled to reverse the trial court's determination that the Trust lacked standing, because the trial court based its standing conclusion exclusively on Kahn's legal opinions regarding matters of questionable relevance.

Furthermore, Kahn testified that the Trust documents did not allow for inclusion of notes that had been endorsed in blank. Olsak, however, is not a party to those Trust documents and therefore, lacks standing to challenge same. Castillo v. Deutsche Bank Nat'l Trust Co., 89 So. 3d 1069 (Fla. 3d DCA 2012) (Mem). Florida courts have repeatedly held that borrowers cannot defeat a foreclosure plaintiff's standing by relying upon trust documents to which the borrower is not a party. Id.

Similarly, Kahn testified that certain IRS and banking provisions would have precluded the Trust from receiving favorable tax treatment if the Trust owned the Olsak loan. Absent a relevant factual basis, however, this legal opinion, while

6

certainly interesting, has questionable probative value on the dispositive issue in this case: whether the Trust actually held the Olsak Note at the inception of the case.

On remand, the trial court must determine, along with any other contested issues, whether the Trust had standing to bring the action at the case's inception. McLean, 79 So. 3d at 173. In making this determination, any facts upon which the trial court relies should be supported by competent, substantial, relevant evidence, and not merely legal conclusions of a party's expert.

## IV. Conclusion

Because the record on appeal reflects that the trial court impermissibly relied upon Appellees' expert's legal conclusions, we reverse the trial court's final order involuntarily dismissing the Trust's claim, and remand for further proceedings consistent with this opinion.