# Third District Court of Appeal

## State of Florida

Opinion filed March 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-729
Lower Tribunal No. 23-22264-CA-01
_____


**Jose Ramon Montenegro, et al.,**
Appellants,

vs.

**Antonio Socorro, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

The Law Office of Carlos Aguilar and Carlos Aguilar (Margate), for appellants.

The Law Offices of David Lee Ham, Jr., PA and David Lee Ham, Jr., (Jacksonville), for appellees.


Before FERNANDEZ, MILLER and LOBREE, JJ.

PER CURIAM.

The issue presented in this appeal is whether the trial court erred in

granting appellees' motion to dismiss for improper venue and the corporate appellant's claims on the grounds it was not a proper party.

## BACKGROUND

Appellants, Jose Ramon Montenegro and Asiven, LLC, filed an eight-count complaint against appellees, Antonio Socorro and Iquantics Corp., alleging breach of contract, unjust enrichment, conversion, constructive fraud, civil theft, violation of section 501.2075, Florida Statutes (2022), Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), money received, and tortious interference with a business relationship. The crux of the claims in the operative complaint was that the parties contracted for the delivery of software and equipment, and despite appellants furnishing payment from a United States bank account, appellees failed to deliver the goods. The complaint alleged the negotiations occurred in Hialeah, Florida, but delivery was to be made in Venezuela. All supporting documents, save a lone invoice attached to the complaint, buttressed the claims, including the place of delivery.

Both appellees moved to dismiss on the grounds of improper venue, asserting they were domiciled in Duval County. They further sought to dismiss Asiven's claims on the grounds it was not a proper party plaintiff because it had not yet been incorporated at the time of the negotiations. The

2

trial court conducted an evidentiary hearing. At the hearing, the court considered competing testimony as to the transaction and anticipated place of delivery. Appellees proffered that Asiven was not incorporated at the time of negotiations. The trial court dismissed the case on the grounds of improper venue and further dismissed Asiven as an improper party. Appellants moved for rehearing. In furtherance of their motion, they produced documentation establishing Asiven was incorporated two months earlier than the date proffered during the hearing and relied upon the lone invoice reflecting that delivery was to occur in Miami-Dade County. The court denied rehearing, and this appeal ensued.

## STANDARD OF REVIEW

We ordinarily review orders granting a motion to dismiss under a de novo standard. Williams Island Ventures, LLC v. de la Mora, 246 So. 3d 471, 475 (Fla. 3d DCA 2018). However, to the extent that such orders rest upon issues of fact resolved by the trial court in an evidentiary hearing, we review for an abuse of discretion. See Loiaconi v. Gulf Stream Seafood, Inc., 830 So. 2d 908, 910 (Fla. 2d DCA 2002) ("[W]hile a trial court has broad discretion in dealing with matters of venue, the party challenging venue must provide a sufficient factual basis for the exercise of that discretion." (citing Groome v. Abrams, 448 So. 2d 82, 83 (Fla. 4th DCA 1984))). Similarly, the

determination of whether a plaintiff has standing is generally a legal issue subject to de novo appellate review. See Citibank, N.A. v. Olsak, 208 So. 3d 227, 229 (Fla. 3d DCA 2016) (citing Reynolds v. Nationstar Loan Servs., LLC, 190 So. 3d 219, 221 (Fla. 4th DCA 2016)). "To the extent that the trial court's standing determination involves factual findings, we uphold such findings only if supported by competent, substantial evidence." Id. (citing Verneret v. Foreclosure Advisors, LLC, 45 So. 3d 889, 891 (Fla. 3d DCA 2010)).

**ANALYSIS**

*I.     Venue*

It is long-established that "the plaintiff's decision regarding venue is presumptively correct, and the party challenging venue has the burden to demonstrate any impropriety in the plaintiff's choice." Barry Cook Ford, Inc. v. Ford Motor Co., 571 So. 2d 61, 61 (Fla. 1st DCA 1990). "[W]hen a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiff's venue selection, the defendant is arguing that, as a matter of law, the lawsuit has been filed in the wrong forum." Fla. High Sch. Athletic Ass'n, Inc. v. Johnson, 279 So. 3d 794, 796 (Fla. 3d DCA 2019) (quoting Tobin v. A&F Eng'g, 979 So. 2d 967, 968 (Fla. 3d DCA 2008)). "Where the facts relating to such venue motion are in dispute, the trial court shall hold

4

an evidentiary hearing to resolve the factual dispute and then make a legal determination on venue." Id. "We review the trial court's factual determinations to assure they are supported by competent, substantial evidence; we review the trial court's legal determinations de novo." Id. at 796–97 (citing Fla. Gamco, Inc. v. Fontaine, 68 So. 3d 923, 928 (Fla. 4th DCA 2011)).

Venue is controlled by sections 47.011 and 47.051, Florida Statutes (2023). Section 47.011 is the general venue statute,[1] while section 47.051 governs suits against corporations.[2] Because section 47.051 is a specific statute relating to corporations, in the face of conflict, it controls over the general venue statute. Here, it is undisputed that appellees are domiciled in Jacksonville, Florida, which is located in Duval County.

Appellants' complaint sounds in breach of contract, quasi-contract, and tort. In determining where a cause of action accrued, this court explained in

---

[1] § 47.011, Fla. Stat. (2023), provides: "Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents."

[2] § 47.051, Fla. Stat. (2023), states in relevant part: "Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located."

<u>Soowal v. Marden</u>, 452 So. 2d 625, 626 (Fla. 3d DCA 1984):

> For venue purposes in a contract action, a cause of action accrues where the contract is breached. <u>Orange Blossom Enterprises, Inc. v. Brumlik</u>, 430 So. 2d 13 (Fla. 5th DCA 1983); <u>Vital Industries, Inc. v. Burch</u>, 423 So. 2d 1023 (Fla. 4th DCA 1982); <u>Windsor v. Migliaccio</u>, [399 So. 2d 65, 66 (Fla. 5th DCA 1981)]. For venue purposes in a tort action, a cause of action is deemed to accrue where the act creating the right to bring an action occurred. <u>E.J. Sales & Service, Inc. v. Southeast First National Bank of Miami</u>, 415 So. 2d 906 (Fla. 3d DCA 1982); <u>Gaboury v. Flagler Hospital, Inc.</u>, 316 So. 2d 642 (Fla. 4th DCA 1975).

The alleged injury in this case occurred when appellees wrongfully failed to deliver the software and equipment. In disputes over the failure to deliver goods, Florida courts have determined the cause of action accrues at the place of anticipated delivery. See <u>Buy & Sell Fitness, LLC v. Villalba</u>, 314 So. 3d 617, 618 (Fla. 3d DCA 2021) ("[I]n actions for breach of contract concerning delivery of goods, venue lies in the county where the goods are to be delivered." (quoting <u>Williams Steel Indus., Inc. v. Taylor Woodrow Constr. Corp.</u>, 510 So. 2d 357, 358 (Fla. 2d DCA 1987))); <u>A&M Eng'g Plastics, Inc. v. Energy Saving Tech. Co.</u>, 455 So. 2d 1124, 1125 (Fla. 4th DCA 1984) ("[V]enue lies in the county where the covenant alleged to be breached was to have been performed." (citing <u>Windsor v. Migliaccio</u>, 399

6

So. 2d 65, 66 (Fla. 5th DCA 1981))). Here, appellants expressly pleaded that delivery was to occur in Venezuela.

Appellants contend that the sole invoice reflecting delivery in Miami-Dade County sufficiently counters the contrary allegation in the complaint. We are constrained to reject this argument. The trial court convened an evidentiary hearing and weighed competing testimony before granting the motion, and it is well-settled that we must defer to the trial court's resolution of factual disputes that are supported by competent, substantial evidence. Olsak, 208 So. 3d at 229; see also Verneret, 45 So. 3d at 891 ("Findings of fact by a trial judge in a nonjury proceeding will not be set aside on review unless totally unsupported by competent and substantial evidence."); Windom v. State, 886 So. 2d 915, 927 (Fla. 2004) ("This Court has held that it will not substitute its judgment for that of the trial court on questions of fact, and likewise on the credibility of witnesses and the weight given to the evidence so long as the trial court's findings are supported by competent, substantial evidence."); Markham v. Fogg, 458 So. 2d 1122, 1126 (Fla. 1984) ("As long as there is competent, substantial evidence to buttress this finding, an appeals court should not substitute its judgment for that of the trier of fact."). Accordingly, we affirm the finding that Duval County was the proper venue.

We do, however, reverse the dismissal on this ground because it is settled that transfer, rather than dismissal, is the proper remedy. See Kinetiks.Com, Inc. v. Sweeney, 789 So. 2d 1221, 1223 (Fla. 1st DCA 2001) ("In ruling on a motion to dismiss for improper venue, if the moving party carries its burden, the trial court should make an affirmative finding as to the proper venue and, unless there is a compelling reason to the contrary, transfer the action pursuant to rule 1.060(b), Florida Rules of Civil Procedure, rather than dismiss the action."); see also Bush v. State, 945 So. 2d 1207, 1214 (Fla. 2006) (stating rule 1.060(b) "gives a court authority to transfer a case when improper venue is sought; and transfer, rather than dismissal, is the preferred remedy in such a case"); Gross v. Franklin, 387 So. 2d 1046, 1048 (Fla. 3d DCA 1980) ("Where the challenge [to venue] is by a motion to dismiss, transfer is the more appropriate remedy.").

## II.    Improper Party

Appellants contend that the trial court's finding that Asiven was not a proper party is not supported by the evidence, despite the fact that it was not incorporated when the individual parties began their business interactions. They contend that by the time of its performance, Asiven had filed its articles of incorporation and had the capacity to do business.[3]  Further, appellants

---

[3] See §§ 607.0203(1) and 605.0211(3), Fla. Stat. (2022).

8

assert that appellees cannot complain of their failure to offer proof as to Asiven's capacity to do business, since they accepted the benefits of the transaction.

In Booske v. Gulf Ice Co., 5 So. 247, 251 (Fla. 1888), the Florida Supreme Court held, "[a] person who has contracted with an association assuming to be incorporated and acting in a corporate capacity cannot, after having received the benefit of the contract, set up as a defense to an action brought by such company that the latter was not legally incorporated, or had no authority to enter into the contract in a corporate capacity."  According to the well-pleaded allegations of the complaint, appellants paid $147,500 into Iquantics' account to receive shipment of the goods listed in the October 14, 2022 invoice, and the $147,500 was not returned despite Iquantics failure to ship the goods.  See Tabraue v. Drs. Hosp., Inc., 272 So. 3d 468, 471 n.6 (Fla. 3d DCA 2019) (stating that when considering a motion to dismiss a court is "required to accept as true all well pled factual allegations contained in the complaint").  As appellees accepted Asiven's payment, they are estopped from raising the issue of Asiven's capacity.  See Pipeline Contractors, Inc. v. Keystone Airpark Auth., 276 So. 3d 436, 439 (Fla. 1st DCA 2019) ("Because they accepted the benefits of the contract through payment from KAA, Pipeline and Hanover were properly estopped from

raising the argument that the contract was void [due to KAA's lack of capacity] in an attempt to avoid the burdens of the contract embodied by KAA's claims against them."). Thus, the trial court erred in finding Asiven was an improper party to the action, and we reverse the resulting dismissal.

Affirmed in part, reversed in part, and remanded with instructions for the trial court to transfer the action to the Fourth Circuit Court in and for Duval County.