# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0639
Lower Tribunal No. 16-20220-CA-01
_____

**Ileana Arnaiz, etc.,**
Appellant,

vs.

**Longbridge Financial, LLC**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Law Offices of E.I. Friedman, P.A., and Eyal I. Friedman, for appellant.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, and Robert R. Edwards and David Rosenberg (Boca Raton), for appellee.

Before SCALES, C.J., and LINDSEY and GOODEN, JJ.

PER CURIAM.

Appellant Ileana Arnaiz challenges the trial court's March 11, 2025 final summary judgment of foreclosure. She asserts, as she did below, that appellee Longbridge Financial, LLC's predecessor in interest, Reverse Mortgage Solutions ("RMS") – the initial foreclosing plaintiff in this case – lacked standing at the inception to bring the foreclosure action. Specifically, Arnaiz argues that RMS lacked standing because the designated officer who executed an allonge endorsing the note to RMS was without authority to do so, either in 2009, when the lender assigned the mortgage and note to RMS or in 2013, when the allonge was attached to the note.

Our *de novo* review of the summary judgment record,[1] though, reveals that, in September 2016, when this case was filed by RMS, RMS was the holder of both the mortgage and the note through the lender's assignment of them to RMS; and that the lender's allonge endorsing the note to RMS was authorized and valid. The trial court, therefore, did not err by rejecting Arnaiz's argument that RMS lacked standing and by entering the challenged final summary judgment. See Roif v. JP Morgan Chase Bank, 283 So. 3d 383, 385 (Fla. 3d DCA 2019); Citibank, N.A., v. Olsak, 208 So. 3d 227, 229

---

[1] The appellate court reviews a final summary judgment *de novo*. Safe Harbor Equity Distressed Debt Fund 3, L.P. v. 9775 Dixie, LLC, 388 So. 3d 1093, 1096 n.4 (Fla. 3d DCA 2024); The appellate court also reviews *de novo* an issue of standing in a foreclosure case. Fernandez v. Wilmington Tr. Co., 424 So. 3d 1027, 1029 (Fla. 3d DCA 2025).

(Fla. 3d DCA 2016) ("To have standing, a plaintiff who is not the promissory note's original payee must have possession of the note at the inception of the foreclosure case. The plaintiff also must provide the trial court with either an assignment in favor of the plaintiff or a note that bears either an endorsement in blank or a special endorsement in favor of the plaintiff.").

Affirmed.